# APPELLATE COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE.

---

No. 647.

### TAYLOR ET AL. *v.* DAHN.

MECHANIC'S LIEN.—*A Vested Right.— When Becomes Such.—Statutes Affecting.*
—The right to hold a mechanic's lien becomes vested at the time the ma-
terial is furnished, and, in determining whether such right exists, the
courts will look only to the statutes in force at the time such right be-
comes vested.

SAME.—*Materials Furnished to Contractor.—Notice to Owner.*—In an action to
enforce a mechanic's lien, the materials having been furnished to the
contractor for the purpose of being used in a certain structure while the
act of March 6th, 1883, was still in force, the complaint is insufficient
which does not allege that the owner was given actual notice of the fur-
nishing of such material to the contractor.

STATUTE CONSTRUED.—*Mechanic's Lien.—Acts of March 6th, 1883, and March
9th, 1889.—Actual Notice to Owner.*—The act of March 9th, 1889, relating
to mechanic's liens, does not expressly, nor by implication, repeal the
act of March 6th, 1883, relating to the same subject, as regards the giving
of notice to owners of material furnished to contractor.

From the Bartholomew Circuit Court.

*J. W. Morgan,* for appellants.

*F. T. Hord* and *M. D. Emig,* for appellee.

REINHARD, J.—The sustaining of the demurrer to the appellants' complaint is the only error relied upon. It is averred, in the complaint, that one Marsh was the contractor for the construction of a building for the appellee; that on the 2d day of February, 1891, appellants furnished lumber and material to Marsh for said building, and that the same was used by Marsh in the construction thereof, and that appellants, within the prescribed time, filed in the recorder's office, a notice of intention to hold a lien on said appellee's property for the materials furnished said Marsh in building the same for appellee. The complaint seeks to foreclose the alleged lien of the material men.

There was no averment that the appellee was given actual notice that such materials were furnished to said Marsh.

The court below held the complaint insufficient for the want of such allegation of notice as provided in section 5 of an act approved March 6, 1883, which is as follows:

"Section 5. To enable the mechanics or other persons. furnishing material or performing labor, as above provided, to a contractor, to acquire such lien, he must at or before the time he furnishes the material or performs the labor, notify the owner or his agent that he is furnishing the materials or performing the work for the contractor." Elliott's Supp., section 1692.

If the section just cited was in force at the time of the furnishing of the materials sued for, the demurrer was properly sustained; if not, the ruling was error.

The contention of appellants is that the section quoted was repealed by the act approved March 9, 1889. Elliott's Supp., section 1705, *et seq.*

It will be noticed, by examination of the act just cited,

that the title of the act declares section 5 of the former act repealed, but in the body of the act (section 5), it is section 4, and not section 5, that is repealed. Elliott's Supp., 1709.

It is manifest, therefore, that the section under consideration was not repealed directly by the later law of 1889, and, consequently, was in force when the materials were furnished, unless it had been repealed by implication, in the act of 1889.

By the act approved February 24, 1891, the section was expressly repealed. Acts 1891, pp. 28, 29.

That act contained an emergency clause, and, therefore, became operative at once, upon its passage and approval, on the date last named.

It appears, from the complaint, that the materials were furnished the contractor on the 2d day of February, 1891. It is the further contention of the appellants that, as the law gives the material man sixty days' time within which to file his notice of intention to hold a lien, the appellants had until the 2d day of April, 1891, to do so, and that if they filed such notice after the 24th day of February, 1891, the date of the approval of the repealing act, they were not required to give actual notice to the appellee.

The complaint shows that the notice of lien was recorded on the 13th day of March, 1891, which, as we have seen, was after the repealing act had gone in force.

The first question we shall undertake to decide, therefore, is the last one presented by appellants' brief, viz.: Did the appellant acquire a valid lien by virtue of his recorded notice, without actual notice to the appellee, conceding that section 5 of the act of 1883 was not repealed earlier than February 24, 1891?

If the act of 1883 was in force when appellants furnished the articles for which they sue, they had no remedy against the owner of the property, unless, at or before the time they furnished such articles to the contractor, they gave notice,

thereof to the owner. Their remedy was against the contractor only.

In our opinion the remedy subsequently given to material men, as against the owners of property, did not operate retroactively in favor of appellants. The right to hold a lien becomes vested at the time the material is furnished, and in determining whether or not such right exists, the courts will look only to the statute in force at that time. *Goodbub* v. *Hornung*, 127 Ind. 181.

True it is, that the statutes giving liens affect only the remedy. But here we find a party claiming a remedy against one who was not a party to the contract, and who, for aught we know, may have paid the value of the materials received by him to the contractor. The repeal of the section requiring the material man to give notice to the owner in a sense creates a new liability upon the part of the latter. Had the appellants notified the appellee of their intention to hold him liable, at or before the time the materials were furnished, he would have had an opportunity of protecting himself by withholding from the payment to the contractor the amount such owner was required to pay the material men. To hold him liable to the appellants might result in requiring him to pay for the same articles twice, without negligence or fault on his part. For these and other reasons that might be given, the repealing statute can not be accorded a retroactive effect, and we think that the law in force at the date of the furnishing of the materials must determine the appellee's liability. If the act of 1883 was then in force, the appellants could not acquire a lien upon the appellee's property, unless they had complied with the terms of the statute, by giving him actual notice, as therein provided. *Caylor* v. *Thorn*, 125 Ind. 201; *Parker* v. *Dillingham*, 129 Ind. 542.

Section 5 of the law of 1883 was, therefore, in force at the time the materials were furnished the contractor, un-

less the section was repealed, by implication by the act of 1889. Was it so repealed?

The position of appellants' counsel is that the section is in conflict with the act of 1889, construed as a whole; that the latter act covers the entire subject-matter of the old, and was, manifestly, intended to take its place. If this position is well taken, the contention of counsel must prevail. We are, however, of the opinion that the premises are not well founded. The entire act of 1889, in so far, at least, as it relates to the subject-matter of notice, is amendatory. The old law provides for two kinds of notices by a material man to the owner, viz.: Notice of intention to hold a lien, to be filed in the recorder's office, and actual notices to such owner. The new law reënacts the old matter relating to the notice to be filed in the recorder's office, and adds some amendments not connected with the subject of actual notice, nor inconsistent therewith. It makes an attempt to repeal section 5 expressly, but fails. The new act makes no change, and contains no provision whatever respecting the subject of actual notice, and does not, therefore, cover the entire subject-matter of the old, and is not repugnant to the same. Where such is the case, inasmuch as repeals by implication are not favored, it is the duty of the courts to construe them so as to give effect to both. *Sosat* v. *State*, 2 Ind. App. 586, and cases cited.

In the present case, as we have seen, the new law is amendatory of the old. As a general rule, where this is the case, the sections of the old law not amended will stand. It is only where the sections, as amended, contain such new matter as to cover the subjects embraced in all the old sections, including those not amended, and where such sections, as amended, are positively repugnant to the provisions in the sections not amended, and the entire new act is evidently intended to supersede and take the place of the old one, that the latter repeals the former. See *Longlois* v. *Longlois*, 48 Ind. 60.

The Legislature of 1891, recognizing the existence of section 5 of the act of 1883, expressly repealed it. While it is true that legislative interpretation, by an assembly subsequent to the one that enacted the law, is not binding upon the courts, and is generally of but little controlling force, it is not entirely without its influence.

Our conclusion is, that the section under consideration was in full force at the time the appellants delivered to the contractor, in this case, the materials for which they seek to hold the appellee liable; that the appellee was entitled to actual notice of the fact that appellants had furnished such contractor with the materials sued for, and the complaint, failing to aver such notice, is defective. There was, therefore, no error in sustaining the demurrer.

Judgment affirmed.

Filed May 23, 1893.