Filed June 20, 1893.

---

No. 919.

SPECTER *v.* KIMBALL & COBB STONE COMPANY.

MECHANIC'S LIEN.—*Statute Construed.—Acts of 1889 Relating to Mechanic's Liens.—Notice to Owner.*—Section 5 -of the act of March 6, 1883, in relation to mechanic's liens, and requiring notice to the owner, at the time or before the materials are furnished by material men furnishing material to a contractor, was not repealed, either expressly or by implication, by the act of 1889 relating to the same subject.

From the Lake Circuit Court.

*T. S. Fancher,* for appellant.

*W. B. Reading,* for appellee.

REINHARD, J.—Action by the appellee against the appellant for the enforcement of a material man's lien.

Specter erected a building upon his land, and employed one Johnson as contractor for the construction thereof.

Johnson, who was to furnish the material and do the work, purchased materials of the appellee and used them in the building. After the sale and delivery of the materials to Specter, Johnson filed a notice in the recorder's office of his intention to hold a lien on said building and real estate, but did not at or before the delivery of said materials give any notice thereof to the appellant.

This appeal was taken to settle the question whether section 5 of the act of March 6, 1883 (Acts 1883, p. 40, section 5), which requires such notice to be given before a lien can be acquired by the material man on the building, has been repealed by the act of 1889 upon the subject of mechanic's liens (Acts 1889, p. 257). The question is presented by exceptions to the conclusions of law upon the special findings. The trial court decided that the section requiring such notice had been repealed by said act of 1889, and the appellant insists that this was error.

This exact question was passed upon by this court at a previous sitting at the present term. *Taylor* v. *Dahn,* 6 Ind. App. 672.

We there held that the amendatory act of 1889, above cited, did not repeal, directly or by implication, section 5 of the law of 1883, requiring actual notice, but that the section had been expressly repealed by the act of 1891 (Acts 1891, p. 28). The questions here submitted are not affected by the act of 1891.

In the present case, the appellee contends that the Legislative intent to do away with the necessity for actual notice to the owner is apparent from the fact that mechanics and material men are, by the act of 1889, placed upon the same footing, and that section 3, of the latter act, gives a lien to each alike by the filing of the notice of intention to hold a lien in the recorder's office, without making any provision for actual notice on the part of material men. But a sufficient answer to this argument, it seems to us, may be found in the fact that precisely the same thing may be said of the law of 1883. Section 1 of that act, like section 1 of the act of 1889, provides for a lien to mechanics and material men alike to the extent that each may have performed labor or furnished materials. Section 3 of both the original and

the amended act, prescribes the steps necessary to acquire such lien and in neither of such sections is there any provision for actual notice to the owners of property by material men who have furnished materials to a contractor.

Were it not for section 5 of the original act, there would be no provision in either law requiring such material men to give any other notice than that which is to be filed with the recorder of intention to hold a lien. In the absence of section 5, the right to hold a lien in either case is complete, whether the lien-holder be a mechanic or material man dealing with a contractor.

That section, however, makes it necessary for one furnishing material to a contractor to take an additional step besides that of the filing in the recorder's office the notice of intention to hold a lien before he can become a lien-holder. He must, under the provisions of that section, serve actual notice upon the owner of the building he seeks to take the lien upon. That section stands unrepealed, in terms, by the act of 1889, and as it was essential to give such actual notice by the law of 1883, the necessity still exists for aught that appears in any of the sections of the law of 1889.

There is no reference, whatever, in the latter act to the subject of actual notice by material men to owners whose property it is sought to charge, for the price of the materials furnished in its construction when the materials were furnished to the contractor, and not to the owner. We do not understand, therefore, how it can be said that the entire subject-matter of the old law is covered by the provisions of the new.

In the case cited we said: "It is only where the sections, as amended, contain such new matter as to cover the subjects embraced in all the old sections, including those not amended, and where such sections, as amended,

are positively repugnant to the provisions in the sections not amended, and the entire new act is evidently intended to supersede and take the place of the old one, that the latter repeals the former.''

It is apparent that no portion of the later law will be destroyed by continuing in force the provisions of section 5 of the act of 1883, and there is no irreconcilable repugnancy between the two enactments upon the subject of notice to the owners of property sought to be charged with a lien.

Under these circumstances, it would be difficult to conceive a reason why the two laws could not well stand together as being *in pari materia.*

We are, therefore, of the opinion that the court erred in holding that the law of 1889 repealed section 5 of the act of 1883, either expressly or by implication.

Judgment reversed, with directions to the court below to restate its conclusions, and for further proceedings not inconsistent with this opinion.

