No. 1,308.

## BEAVER ET AL. *v.* WILKINSON ET AL.

From the Allen Circuit Court.

*P. A. Randall* and *N. D. Daughman,* for appellants.
*H. Colerick* and *J. E. K. France,* for appellees.

Lotz, J.—The appellants were plaintiffs, and the appellees defendants, in the court below. The appellants stated their cause of action in two paragraphs of amended complaint. The averments of each are substantially the same.

It is alleged that the appellees, Francis and Margaret Wilkinson, were the owners, in fee, of a certain tract of real estate situate in the city of Fort Wayne; that they entered into a contract with one Hall to erect for them a dwelling house on said realty, the said Hall agreeing to furnish all the materials for the construction thereof; that the appellants, being dealers in lumber, entered into a contract with said Hall, by which they agreed to furnish all the materials for the wood-work of said house to be used by said Hall in the construction thereof; that subsequently, in the year 1889, the appellants did furnish to said Hall lumber and materials for the construction of said building, and which were used in the construction thereof, which said materials were of the value of $477.12; that within less than sixty days after said materials were so furnished, the appellants filed, in the office of the recorder, their written notice of intention to hold a lien on said

property for the amount of their said claim; and they prayed a judgment for the foreclosure of their lien.

The court sustained a demurrer to each paragraph of the complaint, and such rulings are the assignments of error in this court.

There is no averment, in either paragraph, that at or before the time the appellants furnished the materials to Hall, they notified the appellees or their agent that they (appellants) intended to furnish, or were furnishing, the materials to the contractor, Hall.

Appellants contend that the only notice they were required to give in order to secure their lien was the sixty days' notice filed in the recorder's office.

Section 5 of the act approved March 6, 1883 (Elliott's Supp., section 1692), provides that before a person furnishing material to a contractor can acquire a lien, he must, at or before the time he furnishes the same, notify the owner or his agent that he is furnishing the material to the contractor.

It is insisted that this section was repealed by the act approved March 9, 1889 (Elliott's Supp., section 1705, *et seq.*).

There is some confusion between the title of the latter act and the body of the act. In the title, it appears that section 5 of the act of March 6, 1883, was intended to be repealed, while in the body of the act (section 5), it is provided that section 4 of said act be repealed.

Appellants' counsel, with much plausibility and learning, assert that the history of the legislation of this State bearing upon the subject of mechanics' liens, both before and since the passage of the act of 1889, demonstrates that it was the intention of the Legislature to repeal section 5 instead of section 4, of the act of 1883; and that it was not necessary to give such notice in order for their clients to acquire their lien.

The exact question here in controversy has been before this court on two former occasions, and decided adversely to appellants' contention. *Taylor* v. *Dahn*, 6 Ind. App. 672; *Specter* v. *Kimball, etc., Co.*, 7 Ind. App. 157.

Upon the authority of those cases, the judgment is affirmed, at the costs of the appellants.

Filed April 19, 1894.