# Crebs *v.* Fowler.

### *Bill to Quiet Title.*

(Decided Nov. 24th, 1906.   42 So. Rep. 553.)

1. *Taxation; Sale by State; Assignment of Lien.*—One who purchases from the State lands sold to it for taxes, under Section 4102 of the Code of 1896, does not become the assignee of the State's lien unless he complied with the conditions of Sections 4100-01.

2. *Same; Notice of Sale.*—One who purchases from the Auditor lands sold to the State for taxes without giving the owner the sixty days notice required by Section 4, Acts 1898-9, p. 102, within which the owner may redeem, acquires no title to the land.

[Crebs v. Fowler.]

3.  *Same.*—Where notice is given by the Auditor to the owner of
       lands sold to the State for taxes that application has been
       made to purchase, and allowing sixty days within which to
       redeem it, a sale made before the expiration of sixty days is
       void, notwithstanding the provision in Acts 1903, p. 195, that
       the Auditor may fix a reasonable time in which the lands may
       be redeemed; he having fixed the sixty days as a reasonable
       time.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS H. SMITH.

This was a bill to remove cloud from title filed by appellee against appellant. Defendant answered in the nature of a cross-bill alleging that he claimed a right, title and interest in the property described in the bill, under and by virtue of a tax sale of the said property, after proper steps leading up to the sale had been taken for the state and county taxes for the year 1895, a purchase by the state at said sale, and a purchase by respondent of the property from the state. It was agreed that this property was the property of a Mrs. Wycoff during the years 1894-5-6, that taxes were assed on it to her for the year 1895, that the taxes were not paid, and that the said property was sold for taxes of 1895, purchased by the state, and afterwards sold by the state auditor under the direction of the governor to respondent Crebs. It was also agreed that notice was issued to complainant Fowler by the auditor advising her that unless the property was redeemed within 60 days from the date of the notice, it would be sold. It was further agreed that Mrs. Fowler was the owner of the property under the will of Mrs. Wycoff. There was judgment for complainant, and respondent appeals.

GREGORY L. and H. T. SMITH, and GUNTER & GUNTER, for appellant.—The complainant should pay to the appellant, as the purchaser from the state as a condition to the cancellation of his deed, not only the amount of the taxes, costs and fees for which the property was sold, but also such taxes as should have been paid upon the property had the title remained in an individual, plus the statutory interest.—*Culbertson v. Munscy,* 4 N. E. 558; *Hickman v. Kemper,* 35 Ark. 505; *Picquet v.*

*Augustus,* 64 Ga. 516; *Peckham v. Milligan,* 99 Ind. 352; 126 Ind. 331; 22 Kan. 683; 54 Md. 454. If the state had retained title complainant would only have procured a cancellation by making the payment here contended for. —§ 4091, Code 1896. All the state's right passed to the purchaser under the sale.—§ 4102, Code 1896. Section 4100 of the Code was repealed by the 4th section of the acts of 1898-9, p. 120, and Sec. 4, of said act repealing section 4100 of the Code is repealed, as to notice by the act of 1903, p. 232. When the court had jurisdiction of the party and subject-matter in the particular case, its judgment, unless reversed and annulled under some proper proceeding is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever.—*Driggers v. Cassidy,* 71 Ala. 529; *Pollard v. Hanrick,* 74 Ala. 334; *Jones v. Woodstock,* 105 Ala. 551; VanFleet on Collateral Attack, §§ 1 and 17; 1 Black. on Judgment, §§ 245, 261 and 247. The same rules applies to acts of public officers.—*DeLoach v. Robbins,* 102 Ala. 288; *Steele v. Tutwiler,* 68 Ala. 107; *Beebe v. United States,* 161 U. S. 113.

ERVIN & MCALEER, for appellee.—Counsel discuss assignments of error but cite no authority.

ANDERSON, J.—The complainant, Gaunt Crebs, was not an assignee of the lien of the state under section 4102, Code 1896. as said section treats a purchaser from the state as "the assignee of all taxes due upon the land, penalties," etc., only upon the condition of a compliance with the two preceding sections. Section 4100 does not authorize a sale for a sum less in amount than would be necessary to redeem under section 4091. As the sum paid for the land was less than is authorized by the statute, the sale to the respondent was void, and he had no valid assignment of the state's lien.

It is contended by counsel that the sale was made under Acts 1898-99, p. 120, which authorizes a sale for a sum less than is required by section 4100 of the Code of 1896, and that said section is necessarily repealed by the act. Whether said section is repealed or not, we need not determine, since it would avail the respondent noth-

ing, in the case at bar; for, if it was repealed, the sale to him complied neither with the said section nor the act in question. Section 4 (page 121) of the act provides "that upon application for the purchase of real estate under this act, the auditor shall notify the former owner thereof, and give him sixty days time after such notice in which he may redeem." The notice purports to have been given under section 4100, and was dated January 11, 1904, and the deed was made to the respondent February 12, 1904, less than 60 days, and was violative of the act of 1899. The respondent is, therefore, in no position to complain of the decree of the chancellor, which is accordingly affirmed.

Affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.

ANDERSON, J. (On Rehearing.)—Our attention has been called to the revenue law of 1903 (Acts 1903, p. 195), which provides that the auditor may fix a "reasonable time" in which the land may be redeemed, and counsel insist that 60 days' notice was not required under said statute. Conceding that 60 days' notice was not required, and that a shorter time might be reasonable, it can be of no benefit to the appellant, Crebs, in the case at bar. The last act authorized a sale only in case "such lands are not redeemed within the time so fixed." The notice of the auditor was dated January 11, 1904, and informed the owner that she would have "sixty days from writing this notice" in which to redeem the land. It must, therefore, be observed that the auditor fixed 60 days, which he doubtless deemed a "reasonable time," as provided by the act of 1903, notwithstanding less time might be reasonable, and had no right under the law to convey the land until the expiration of 60 days, being the time fixed by him as reasonable in this particular instance. The deed was executed by the auditor February 12, 1904, nearly 30 days before the expiration of the period fixed by him for the redemption of the land. The sale was prematurely made, whether attempted under

24

the Code or the acts, and did not make Crebs an assignee of the state's lien under the terms of section 4102 of the Code of 1896.