# Brandon, State Auditor *v.* Williams, Judge.

## *Mandamus.*

(Decided April 23, 1908. Rehearing denied July 3, 1908. 47 South. 199.)

*Statute; Instruction; Taxation; Distribution of Proceeds.*—Conceding that General Acts 1898-9, p. 121, sec. 4, repeals sec. 4100, Code 1896, and takes its place in the chapter on taxation, yet sec. 4104, Code 1896, applies to sales made under the acts of 1898-9, and gives no right to have a warrant drawn for the fees of officers rendered in the matter of taxation to the exclusion of the county taxes and school taxes; hence, the proceeds of the private sale of lands by the auditor being less than the amount of the officer's fees and the county taxes and school taxes, and being less even than the amount of the fees, mandamus will not lie to require the auditor to draw his warrant for the amount of such fee, there being no other fund than such proceeds of sale from which the fees can be lawfully paid.

APPEAL from Monagomery City Court.

Heard before Hon. A. D. SAYRE.

Mandamus by Price Williams, Jr., as judge of probate of Mobile county against W. W. Brandon as State Auditor, to require him to draw a warrant for certain fees alleged to be due officers of Mobile county, arising from sales of land bought in by the state at tax sale. From a judgment for petitioner, respondent appeals. Reversed and rendered.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for petitioner. The Attorney-General contends that the act of Feb. 15, 1899, is void for two reasons, as both the title and body contains more than one subject, and that it make no provision for the payment of the officer's fees here claimed, nor any other fee due on the sale of such land. In support of the first proposition, they cite.—Sec. 45,

Const. 1901; *B. & P. v. Lucas,* 119 Ala. 202. The act being void, the sale of the land cannot be supported under sec. 4100 of the Code.—*Crebs v. Fowler,* 42 South. 553. The state is not estopped from setting up the invalidity of the act.—*Lott v. Brewer,* 64 Ala. 287; *Pearce v. U. S.,* 7 Wall. 666; *Morris v. Fulton County,* 77 U. S. 676; *German Bank v. U. S.,* 148 U. S. 572; 16 Cyc. 715; *Norwood v. Tyson,* 138 Ala. 269.

GUNTER & GUNTER, for appellee. No brief came to the Reporter.

DENSON, J.—This is a proceeding by mandamus to compel the State Auditor to draw his warrant on the State Treasurer for an amount alleged to be due the plaintiff and the tax officers of Mobile county for fees and costs earned in and about the assessment and sale of certain lands for taxes in said county; the lands having been purchased by the state at the tax sales, and subsequently sold by the Auditor at private sale to the State Land Company, a private corporation, for a gross sum fixed by the Auditor and Treasurer and approved by the Governor. The city court awarded the peremptory mandamus, commanding the respondent to draw his warrant on the Treasurer, not for the amount demanded by the petitioner, but for a considerably less sum. From the judgment the respondent appeals.

It is insisted by the respondent (appellant), and conceded by the petitioner, that the sale of the lands was made under an act of the General Assembly approved February 15, 1899 (Gen. Acts 1898-99, p. 120). This act is assailed by the respondent as containing more than one subject, and therefore as having been enacted in violation of section 2 of article 4 of the Constitution of 1875, which provided that "each law shall contain

but one subject which shall be clearly expressed in its title." Assuming the validity of the act, we think there can be no doubt of the correctness of the proposition that section 4 thereof is inconsistent with, or repugnant to, section 4100 of the Code of 1896, which relates to the sale of lands purchased by the state at tax sales, and that it was intended by the Legislature that the act should prescribe the only rule which should govern that subject. This being true, the act would operate a repeal of section 4100. *Ogburne v. Ogburne's Adm'r* 60 Ala. 616, and authorities there cited; *David v. Levy & Sons,* 119 Ala. 241, 24 South. 589; *Taylor v. Dahn,* 6 Ind. App. 672, 34 N. E. 121, 51 Am. St. Rep. 312; *Nelden v. Clark,* 20 Utah, 382, 59 Pac. 524, 77 Am. St. Rep. 917; *State ex rel. Broussard v. Henderson* (La.) 45 South. 430.

Chapter 110 of the Code contains many sections, all of which relate to the subject of taxation. This chapter comprises our system of laws governing taxation. Section 4100 is embraced in said chapter; and, on the considerations adverted to above, section 4 of the act of February 15, 1899 (Laws 1898-99, p. 121), takes the place of that section in the Code, and must be construed with the other sections in chapter 110.—*United States v. Freeman,* 44 U. S. 556, 11 L. Ed. 724, 727; *State v. Gerhardt,* 145 Ind. 439, 44 N. E. 469, 33 L. A. 312, 322; Black on Interpretation of Laws, 206. Section 4100 contained no provision in respect to the payment of costs and fees. Neither does the act under consideration. Section 4104 of the Code, however, which also forms a part of chapter 110, covers the subject-matter of fees and costs, and prescribes the manner of their payment. There is nothing in the act which is inconsistent with or repugnant to this section. Therefore it is not repealed by the act.—*Taylor v. Dahn,* 6 Ind. App. 672, 34 N. E.

121, 51 Am. St. Rep. 312; Black on the Int. of Laws; § 53; *Wood v. U. S.*, 16 Pet. (U. S.) 343, 10 L. Ed. 987. Section 4104, then, must be looked to, in connection with the act, in determining whether the petitioner has shown a clear legal right to the performance of the particular act sought to be compelled.

Section 4 of the act is in this language: "That the Auditor shall have prepared a suitable record, in which shall be entered a description of all real estate bid in by the state at tax sale; with the amount of taxes due the state and county, and the costs due officers, the date when such lands were sold, and when two years shall have elapsed from the date of sale such portions of such real estate as have not been redeemed shall be subject to sale by the state at private sale, and the Auditor, with the approval of the Governor, may sell the same at a price fixed by the Auditor and Treasurer, and approved by the Governor." Section 4104 provides: "When lands bid in by the state have been sold by the state, under any of the provisions of this chapter, the Auditor shall draw his warrant on the Treasurer in favor of the judge of probate of the county in which the lands lie, for the county and school taxes, and the fees and costs, due to the different officers of the county; specifying each separately, and if the same cannot be ascertained from the records and papers in his office, the judge of probate, on notice by the Auditor of such redemption or sale, must certify the same to him; and the judge of probate, upon the collection of such warrant, shall pay the same over to the officer entitled thereto, or authorized by law to receive the same."

"The duties which will be enforced by mandamus must be such as are clearly and peremptorily enjoined by law" (26 Cyc. 162, b), and the petition must show a clear right to the performance of the act or duty de-

manded.   Especially is this true when the performance of an alleged duty is sought against an officer.—*Moseley v. Collins*, 133 Ala. 326, 32 South. 131; *Minchener v. Carroll*, 135 Ala. 409, 33 South. 168; *United State v. Black*, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354; *Nichols v. Comptroller*, 4 Stew. & P. 154; *American, etc., Co. v. Fyler*, 60 Conn. 448, 22 Atl. 494, 25 Am. St. Rep. 337.   The right asserted by the petitioner is to have the Auditor draw a warrant in his favor for $3,343.74, balance of fees alleged to be due to the tax collector, assessor, and commissioner of Mobile county; and if it may be said that the petition avers a demand and a refusal, then, construing the petition most strongly against the petitioner, that was the act he demanded the performance of by the Auditor.   And looking to the facts of the case it is clear that that was the act proved. Turning to section 4104, relied on by petitioner for his right to have the warrant drawn, conceding that separate warrants might be drawn by the Auditor, in favor of the judge of probate, for the county and school taxes, and the fees and costs of officers, yet there is no authority given by the section for a warrant to be drawn for the fees and costs due officers, in exclusion of or preference over the county and school taxes, and it does not appear that such taxes had been paid.   On the contrary, it appears that the original claim of the petitioner for fees and costs amounted to more than the total sum that was received by the state for the lands, and the balance alleged to be due for fees and costs, after the officers had been paid $2,500 on such accounts, amounted to largely more than the state has on hand in the treasury from the sale of the lands.

It is not made to appear that any appropriation has been made for the payment of fees and costs, and it cannot be doubted that the only funds out of which

petitioner's claim could be paid, and against which the Auditor has authority to draw his warrant, are those which arose from the sale of the lands. This was recognized by the court below and by the petitioner. The petition and the facts show that the fees and costs of the officers amounted, originally, to $5,843.74; that the state paid $2,500 of the amount, leaving $3,343.74 unpaid. It is further shown that $5,000 was all that the state really received from the sale of the lands, and that, having so paid the $2,500 on fees and costs, there was in the treasury, at the time of demand made, only $2,500 of the money received from sale of the lands. We are of the opinion that the petitioner has failed to show a clear legal right to have the Auditor draw his warrant in his favor, as was demanded, and, of consequence, that the city court erred in awarding the mandamus.

Let the judgment of the lower court be reversed, and one be here rendered, dismissing the petition.

Reverse and rendered.

Tyson, C. J., and Simpson and Anderson, JJ., concur.