# Brandon, Auditor, *v*. Williams, Judge.

*Mandamus.*

(Decided July 8, 1909.   Rehearing denied Feb. 26, 1910.
51 South. 873.)

1. *Constitutional Law; Vested Rights; Officers; Compensation.*—Where the law has fixed certain fees for certain services to be performed by certain officers, and such services have been performed, and the officer becomes entitled to the fees, and the law makes them payable out of a certain fund and in a certain manner, the officer acquires a vested right in the fees so allowed.

2. *Same; Statute; Construction; Presumption.*—A subsequent statute will not be presumed to be intended to take away fees of a public officer fixed by law and earned by him so as to become a vested right, unless the statute contains the express words or necessary implication to that effect.

3. *Schools and School Districts; School Taxes.*—School taxes belong to the state, and the state may expressly or impliedly apply them to other purposes unless some vested right has been acquired therein.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Mandamus by Price Williams as judge of probate, against W. W. Brandon as state auditor, to require him to issue his warrant upon a certain fund for fees earned and alleged to be payable out of such fund. From a judgment granting the writ, the auditor appeals. Affirmed.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for appellant. The Act of Feb. 15, 1899, is void for two reasons. 1st, the title of the act contains more than one subject, as does the body.—Sec. 45, Const. 1901. 2nd, the act makes no provision for the payment of the officer's fees here claimed, nor for any other fee due on the sale of said land. On the first proposition, see *Build-*

[Brandon, Auditor, v. Williams, Judge.]

*ers & P. S. Co. v. Lucas,* 119 Ala. 202. As to the second proposition see General Acts 1898-09, p. 120. If the act is void, the sale of the land to the State Land Co. cannot be supported under section 4100, et seq., Code 1896. It affirmatively appears that the sale was made for an amount less than the taxes, interest, cost and officer's fees, and was therefore, void.—*Crebbs v. Fowler,* 42 South. 553. The state is not estopped from setting up the invalidity of the act of 1899, and of the sale to the State L. Co.—*Brewer v. The State,* 64 Ala. 287; *Pierce v. U. S.,* 7 Wall. 666; *Morris v. Fulton County,* 77 U. S. 676; *German Bank v. U. S.,* 148 U. S. 572. If the act is valid its effect is to take away from the officers the fees to which they would have been entitled under the Code. This matter is entirely under the control of the Legislature.—11 Cyc. 26, and authorities cited in note 14; 57 Pa. St. 433; 37 Me. 548; 5 Ency. P. & P. 111-113. The duty here sought to be enforced is not clearly and specifically enjoined on the appellant by law.—See former report of this case. The decree below was erroneous.—*Brandon v. Williams,* 47 South. 199; *State ex rel. Bricken v. Wilson,* 123 Ala. 259; *Cook v. Candee,* 52 Ala. 101; *State v. Judge,* 15 Ala. 740; 26 Cyc. 165.

GUNTER & GUNTER, for appellee. The constitutionality of the act is upheld on a former appeal in this case.—*Brandon v. Williams,* 47 South. 199; 26 A. & E. Ency. of Law, 272, et seq. The officers had a vested right in the fees earned which cannot be taken away. —116 U. S. 131; 158 N. Y. 668; 76 N. Y. Supp. 224.

MAYFIELD, J.—This is the second appeal in this case. The opinion in the former case, by Justice Denson, contains a clear, full, and correct statement of all the facts and of the law necessary to a decision on this

appeal. See case reported in 157 Ala. 386, 47 South. 199.

The questions insisted upon on this appeal are (1.) the constitutionality of the act of February 15, 1899 (Acts 1898-99, p. 121) ; (2) if valid, its operation or effect upon certain Code provisions in force at the time of its passage, to wit, chapter 110 of the Code of 1896, including sections 4100, 4104, and others. These exact questions were fully discussed, and, we think, correctly decided on the former appeal. We see no reason to change our opinion announced on the original appeal, and adopt and reaffirm it as to these questions on this appeal. The petitioner was denied relief before, on the sole ground that he demanded too much—more than his petition and facts showed was in the hands of the treasurer, subject to petitioner's claim. The amount to which he was entitled was suggested in the former opinion. Petitioner renewed his petition for mandamus as for this amount suggested. The trial court, following the opinion of this court on former appeal, awarded the writ of mandamus as prayed. In this there was no error.

While the right of officers to fees depends solely upon the statute or law authorizing such fees, yet when the law has fixed certain fees for certain services of certain officers, and such services have been performed by such officer and he becomes entitled to such fees, and the law makes the fees thus allowed payable out of a certain fund, and provides the mode by which the fees shall be paid out of the fund (as was done in this case), the officer acquires a vested right to such fees thus allowed, and should not be deprived thereof. We cannot presume, in the absence of any express provision in the act to that effect, that the Legislature intended or attempted to deprive the officers of their fees thus earn-

[Brandon, Auditor, v. Williams, Judge.]

ed, by the subsequent act authorizing the sale of the lands, by the state, at a price less than that first authorized, and one insufficient to pay these fees and leave a surplus in the treasury to be applied to the school or other public funds of the state to which the former act directed a part of the proceeds of the sale of the lands to be applied. The officers' fees having been earned, and earned after the amount had been fixed by law, they were therefore vested rights; and we will not presume that the subsequent act of the Legislature was designed to take away these rights, without express words or necessary implication to that effect. It is therefore not necessary to be decided whether the Legislature could do so, had it attempted it, in the absence of any attempt.—*Fisk v. Jefferson,* 116 U. S. 131, 6 Sup. Ct. 329, 29 L. Ed. 587.

School taxes belong to the state; and the state, through the Legislature, can expressly or impliedly remit or apply same to other purposes, until some person or corporation acquires a vested interest therein. The amount received from the sale of lands, as authorized by the last act of the Legislature, being insufficient to pay all the fees due the officers and leave anything to be applied to the school tax, it was therefore evidently intended that the claims of the officers as for fees should be prior to that of the state or counties as for school tax. It appearing that there is a balance of $2,500 of these funds, the proceeds of this sale, in the hands of the treasurer and that it is subject to the payment of these fees thus earned by the officers, as provided by law, the petitioner was therefore entitled to a warrant from the auditor for this amount of the funds thus remaining in the treasurer's hands from the proceeds of the sale of the tax sales lands.

This being the decree and judgment of the lower court, it follows that the judgment and order of the lower court appealed from must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON. JJ., concur.