[Gamble, et al. v. Andrews.]

# Gamble, *et al. v.* Andrews.

### *Bill to Clear up Title to Land.*

(Decided April 16, 1914.   Rehearing denied May 21, 1914.
65 South. 525.)

1. *Taxation; Levy; Agreed Statement of Facts.*—Where respondent claimed under a tax title under a bill filed to clear up title to the land, the recitals in the agreed statement of fact that there was a proper assessment inferentially asserted a valid levy, and hence, complainants could not contend on appeal that there was no valid levy.

2. *Same.*—The fact that great strictness is required in proceedings for the sale of land for taxes does not require the court to construe the agreed statement of facts with special favor to the party claiming against the tax title.

3. *Same.*—An agreed statement of fact will be construed without favor to either party as the mutual expression of agreement into which the parties have voluntarily entered for the purpose of informing the courts of the facts and points of difference.

4. *Same; Presumption.*—Where the bill was to clear up title to land which the respondent claimed under tax title and the agreed statement of facts recited in one place that the judge of probate gave due and proper notice of the sale, and in another that said notice was properly given by publication for ten days before the date of hearing (the statute requiring notice of publication for three weeks) the statement was ambiguous, and the ambiguity would be imputed to the statement rather than to the probate record which will be presumed to be regular, unless the contrary affirmatively appears.

5. *Same; Title; Evidence; Burden.*—Under a bill to clear title to land claimed by respondent under a tax title, the burden was on the respondent to show a good title.

6. *Same; Affidavit of Collector.*—Where land is assessed to "owner unknown," it is not necessary for the tax collector to append an affidavit to the docket delivered to the probate judge showing that he was unable to find personal property upon which to levy.

7. *Same; Presumptions.*—While the presumption that public officials have discharged their duty (nothing to the contrary appearing) could not be indulged to sustain a tax title, it is properly indulged in favor of a purchaser from the state of lands which has been bid in by the state for taxes.

8. *Statutes; Subject and Title; Constitutional Law.*—Acts 1898-9, p. 120, is not unconstitutional because containing more than one subjetc in both its title and body; the legislative purpose being broad enough to comprehend all its provisions as expressed in the following language:   "To regulate and provide for the sale and redemption of real estate bid in by the state at tax sale."

[Gamble, et al. v. Andrews.]

9. *Appeal and Error; Review; Presumption.*—Where the agreed statement of facts did not deny that the auditor, in selling land bid in by the state for taxes, secured the approval of the sale by the Governor, the sale being private, and that the price was fixed by the Auditor and Treasurer as required by the statute, and the opinion of the Chancellor showed that the Auditor's deed recited the necessary facts, it will be presumed on appeal that the Auditor did comply with the statute in such respect.

10. *Equity; Decree; Conformity to Pleading.*—Under a bill to quiet title to land sold for taxes, the court was without power to adjudge anything in respect to certain lands which had been stricken from the bill by amendment.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by M. A. Gamble and others as executors of the estate of F. A. Gamble, against J. F. Andrews, to clear up title to land. Decree for respondent and complainant appeals. Corrected and affirmed.

F. A. GAMBLE, for appellant. A fundamental condition to the validity of a tax sale is that there should have been a substantial compliance with the law in all the proceedings of which the sale was the consummation.—*Johnson v. Hooper,* 107 Ala. 706; *Smith v. Cox,* 115 Ala. 103; *Reddick v. Long,* 124 Ala. 260; *Hooper v. Bankhead,* 171 Ala. 626. Under these authorities, and the agreed statement of fact it is insisted that there was no proper levy, no sufficient notice of the decree, that the tax collector's docket was not prepared and submitted as required by law, and that the decree of sale did not contain the necessary statements. Also that the certificate of the probate judge to the auditor was not sufficient. It is insisted further that the Acts of 1898-9, p. 120, are unconstitutional as violative of § 45 of the Constitution, and hence, that the sale ought to have been made as required by § 4100 and § 4101, Code 1896.—*B. & P. Co. v. Lucas,* 119 Ala. 202. The state, therefore, acquired no title, and could pass none.—

[Gamble, et al. v. Andrews.]

*Fleming v. McGhee,* 81 Ala. 409; *Hooper v. Bankhead, supra.* In a suit to quiet title to land a respondent cannot enforce the amount paid on tax sales unless the lien of such payment has been established by a suit in ejectment.—*Sheffield Co. v. Tradesman Bank,* 131 Ala. 185; s. c. 137 Ala. 547; *Wood L. Co. v. Williams,* 157 Ala. 73.

DAVIS & FITE, for appellee. The presumption is indulged that public officers discharge their duty.—*Barry v. Stevens,* 57 South. 468. The Act of 1898-9, p. 120, repealed and took the place of § 4101, Code 1886.—*Brandon v. Williams,* 157 Ala. 386. It was immaterial in this case, however, whether the act repealed the section or not as the assessment was to one unknown, and the section could not operate.—*Cary v. Holmes,* 109 Ala. 217. The recital in the auditor's deed of the things done by him are evidence of the doing of such things.—*Vadeboncoeur v. Harmon,* 159 Ala. 617; *Bankhead v. Hooper,* 171 Ala. 626. In the light of these authorities as applied to the agreed statement of fact it must be held that the proceedings were regular and that respondent's predecessor in title acquired a valid tax deed to the land.

SAYRE, J.—Appellants, as executrix and executor of F. A. Gamble, deceased, filed this bill on the equity side of the circuit court of Walker to clear up the title to lands which had belonged to their testator. At the hearing it appeared that testator had owned the lands, which lay in several separate parcels, and that in 1893 and 1894, while testator was yet alive, they had been sold for taxes assessed to "owner unknown," and had been bought in by the state, and that in 1903 the state auditor had sold to J. H. White, under whom defend-

ant claimed by mesne conveyances. The validity of the proceedings by which White acquired his title is questioned.

The case was heard upon an agreed statement of facts, and appellants insist that this agreement fails to disclose a valid levy by the court of county commissioners. It is enough to say at this point that the statement of facts contains a recital that there was a proper assessment for taxes due and unpaid, and thus, inferentially at least, asserts a valid levy. It is most reasonable to presume that, if applicants had intended to raise any question in respect to the validity of the levy, a statement that there had been none, or of the deficiency or error in the record of any levy made, would have found a place in the agreement. For these reasons we decline to adjudge the case upon the assumption that there was no valid levy.

Section 572 of the Code of 1886, of force at the time of the proceeding under review, except as amended by the act of February 28, 1887 (Acts, p. 8 et seq.), provided that, after the tax collector prepared his docket of delinquencies and delivered it to the judge of probate, notice should be given, in the case of an assessment to "Owner unknown," by publication for three weeks before the term of the court at which a decree for the sale of the land would be considered. The agreement recites at one place that the judge of probate "gave due and proper notice," and at another that "said notice was properly given by publication for ten days before the date for the hearing." Appellants contend that this recital shows a notice by publication for ten days only, and cites *Smith v. Cox*, 115 Ala. 503, 22 South. 78, to the proposition that the notice required by the statute was essential to the validity of a tax title. Here, as elsewhere, in the argument for errors and deficiencies in

the record of the proceedings for a sale of the property, we think appellants have misconceived the operation and effect of the agreed statement of facts. The burden was on appellee to show a good title. Great strictness is required in proceedings for the sale of lands for taxes, and statutory provisions are to be pursued with a certain degree of punctiliousness, where the statute itself does not prescribe a more lenient rule; but it does not follow from this that the agreement upon which the parties submitted their controversy for judicial decision must be construed with special favor to the party claiming against the tax title. The statement of facts must be construed without favor to either party as the mutual expression of an agreement into which they have voluntarily entered for the purpose of laying before the court the facts, and especially their points of difference. It does not exhibit the record in it entirely. For the most part it undertakes to exhibit the effect of the probate record, and to show errors and omissions, not by quoting the record, but in the language of the parties. The result is that, to reach the question of the title shown by the record, we must first construe the agreement of the parties. On the point just here under consideration, the agreement is ambiguous and needs construction. Such being the case, it is proper to impute ambiguity to the agreement rather than to the probate record. In other words, we presume a record of regularity, unless the contrary is affirmatively shown. This method leads us to the conclusion that publication was made as provided by the statute.

Other points taken against the probate record have been duly considered. We do not deem it necessary to make an extended statement of them. We hold, upon the statements of the agreement, that no irregularity or omission of any consequence is shown. The agreement

[Gamble, et al. v. Andrews.]

shows an error in the date advertised for the sale of one parcel of the land. This is evidently a clerical lapse either in the agreement or in the probate record. If the error occurred in the record, it appears upon consideration of the whole record, as put before us in the agreement, to be self-corrective and harmless.

The tax collector did not append an affidavit to the docket delivered to the probate court showing that he had made diligent search and had been unable to find sufficient personal property from which to make the tax. In the case of an assessment to "owner unknown," such affidavit could have served no purpose and was not necessary to the validity of the proceeding.—*Cary v. Holmes,* 109 Ala. 217, 19 South. 723.

The decree of sale followed the prescribed form substantially. The statute in that particular required no more.—Code 1886, § 573.

It is further contended by appellants that the auditor, in selling the land to White, failed in some respects to follow the prescriptions of section 4101 of the Code of 1886. Section 4 of the act of February 15, 1899 (Gen. Acts 1898-99, p. 120), operated to repeal section 4101 of the Code.—*Brandon v. Williams,* 157 Ala. 386, 47 South. 199. But appellants say that this act is unconstitutional for that it contains more than one subject in both its title and its body. There was an effort to raise this question in *Brandon v. Williams, supra,* but that case was put off on another point. We think no valid objection can be taken to the statute on the ground assigned. The most general subject expressed in the title is "to regulate and provide for the sale and redemption of real estate bid in by the state at tax sale." The legislative purpose fairly expressed by this much of the title is quite broad enough to comprehend the rest of it and all the provisions of the act. All the provisions of the

act are legitimately cognate to this one broad subject, and it affords no constitutional ground of objection that the title, in addition to its sufficient general statement of the subject of the act, states also two of the minor cognate and included subjects in the way of an incomplete index to, or abstract of, the contents of the act. In short, we treat those expressions of the title, which precede the quoted part of it, as surplusage. The title and the act would have complied with the requirement of the Constitution as well without them.—*State v. Board of Revenue,* 180 Ala. 489, 61 South. 368.

Finally it is insisted the agreed statement of facts fails to show that the auditor complied with the provisions of section 4 of the act. It is said that there is no evidence in the record to show that he secured the Governor's approval of a private sale of this land, nor that the price was fixed by the auditor and the treasurer. Evidently the agreed statement of facts and the record for this court were not prepared with a view to raising these questions. The agreed statement of facts recites that:

"The state auditor executed to the said J. H. White, on the said 10th day of January, 1903, a deed conveying all of said lands to him."

Then follows a statement that the auditor did not mail to any person interested in said lands, or to the probate judge of Walker county, any notice that an application to purchase the land had been made, and fixing a time within which the owner or any other person having an interest might redeem. That the question suggested by this last statement of fact was waived in the court below is affirmatively shown by the chancellor's decree. His disposition of it is entirely satisfactory to us. It must have satisfied counsel for appellants, for he does not renew the discussion on this ap-

peal. He does, however, still insist that the record fails to show the Governor's approval or that the auditor and treasurer fixed the price. The agreed statement of acts does not deny that the statute was followed in these respects. The note of submission and the chancellor's decree both show that the auditor's deed was before the court. It does not appear in the record here. It may have contained a recital of the facts which appellants claim the record fails to show. The chancellor's opinion, which may be considered in explanation of his decree, shows that the auditor's deed did recite the necessary facts. The auditor's deed passed no title if the state had no title.—*Fleming v. McGee,* 81 Ala. 409, 1 South. 106. And the fact that he made a deed and its recitals proved nothing in respect to the validity of the proceedings by which the state assumed to have acquired title.—*Vadeboncoeur v. Harmon,* 159 Ala. 617, 49 South. 292; *Trotter v. Moog,* 150 Ala. 460, 43 South. 710. But, as we believe we have sufficiently shown, it must be assumed on the record before us, and for the purposes of this appeal, that appellee proved a substantial compliance with the law in the proceedings had in the probate court, and therefore that title had vested in the state.—*Hooper v. Bankhead,* 171 Ala. 626, 54 South. 549. No reason occurs to us why, in an action between the parties to this record, the recitals of the deed as to facts essential to the valid execution of that instrument by an agent of the state, having authority to execute it, should not be accepted as prima facie proof at least of those facts. Besides, there is a presumption that public officials have discharged their duty; nothing to the contrary appearing. This presumption is not indulged to sustain the proceedings by which the title was divested out of appellant's testator, but it may be properly allowed to show prima facie that

the state's title has passed to appellee. It was allowed so to operate in *Barry v. Stephens,* 176 Ala. 93, 57 South. 467.

By a plain inadvertence the chancellor's decree included the N. E. ¼ of S. E. ¼ of section 7, township 13, range 10. This 40-acre tract had been described in the original bill as a part of the subject-matter of the litigation. But it had been stricken by amendment, which was overlooked. As for anything appearing in the record before us, there was no other error in the decree rendered below. After the amendment the court was without power to adjudge anything in respect to the N. E. ¼ of S. E. ¼ of section 7. The decree will be corrected, and, as corrected, will be affirmed. The chancellor may order a corresponding correction in the record of the decree below.

Corrected and affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.