# Street, *et al. v.* Doyle.

## *Ejectment.*

(Decided June 18, 1914.  65 South. 775.)

*Taxation; Tax Sales; Recovery of Taxes; Invalidity.*—The provisions of sections 2305-6, Code 1907, apply only to the invalidity of sales made by a tax collector for non-payment of taxes, and not to sales made by the Auditor of lands purchased by the state at such original tax sale; non-compliance with the statute in sales made by the Auditor of lands bid in by the state affecting only the right acquired from the state.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by O. D. Street and another against Joe P. Doyle in ejectment. There was judgment for plaintiffs for the land sued for, and the taxes paid by defendant for the land assessed against the plaintiffs, from which judgment they appeal. Reversed and remanded.

Plaintiffs proved their right and title to the land, and waste committed by defendant. Defendant relies solely on a deed executed by C. B. Smith, state auditor, in an attempted sale of lands for taxes; the tax sale being of July 19, 1909, and the auditor's deed being dated October 13, 1911. The tax sale was admittedly void. Defendant moved the court to ascertain the amount of taxes for which the lands were liable at the time of the sale, and for the payment of which they were sold, with interest thereon from the day of sale, as such taxes had been paid, and also the amount of taxes paid by defendant, or the person under whom he claims since that sale. The court proceeded and ascertained the amount of the several items mentioned in section 2306, Code 1907, to be the sum of $23.98, including the taxes for the current year assessed to defendant, and also render-

[Street, et al. v. Doyle.]

ed judgment in favor of defendant, and against plaintiff for the costs of the suit.

STREET & ISBELL, for appellant. Defendant was not entitled to the benefit of § 2306, Code 1907, in the absence of a strict compliance with the provisions of §§ 2323-4, Code 1907, and it is conceded that none of these requirements have been complied with.—*Krebbs v. Fowler,* 148 Ala. 266; *Trotter v. Moog,* 150 Ala. 460.

WILLIAM C. RAYBURN and JOHN A. LUSK & SON, for appellee. The judgment assessing taxes against plaintiff which have been paid by defendant, was in accordance with the law.—§§ 2305-6, Code 1907.

ANDERSON, C. J.—Section 2306 of the Code of 1907 provides for the assessment of taxes, etc., paid by the defendant in action brought against him, or any one holding under him, for a recovery of lands when he defends under a tax title, and his defense fails upon the ground that the tax sale was invalid for any other reason than that the taxes were not due. The sale here referred to applies to the original tax sale, and not to the invalidity of an attempted conveyance by the purchaser at a tax sale to a subsequent purchaser. In other words, in order for sections 2305 or 2306 to be available either to the purchaser at the tax sale, or one purchasing from him, the defense must have failed on account of the invalidity of the tax sale, and these sections do not apply to the transmission of the title to subsequent purchasers.—*Trotter v. Moog,* 150 Ala. 460, 43 South. 710.

This statute would, no doubt, be available to one holding under the purchaser at the tax sale, but it does not attempt to cover defects in sales by the purchaser at

the original tax sale to subsequent purchasers; it ap plies only to the invalidity of sales made for the non-payment of taxes by the tax collector, and not to sales made by the auditor of lands purchased by the state at said original tax sales. Therefore a compliance or non-compliance with the statute in sales made by the audi-tor of lands bid in by the state affects only the rights ac-quired from the state, and sections 2305 and 2306 have no application to the invalidity of such sales.

It seems that the defense failed in this case, for the reason that he did not show a valid purchase from the state, under the rule declared in *Crebs v. Fowler*, 148 Ala. 366, 42 South. 553, not upon the ground that the tax sale at which the state bought the land was invalid.

It seems that in the case of *Cobb v. Vary*, 120 Ala. 263, 24 South. 442, the court allowed the purchaser from the auditor to invoke the predecessors of sections 2305 and 2306, but it appears that the plaintiff's title failed because of the invalidity of the original tax sale, as the regularity of the second sale, the sale by the state after purchasing at the tax sale, was not questioned. we therefore hold that the trial court erred in permit-ting the defendant to recover a judgment for the un-paid taxes, etc., as provided by section 2305.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

McClellan, Sayre, and de Graffenried, JJ., con-cur.