36 So.2d 904

**EDWARDS v. HOSEY.**

6 Div. 727.

Supreme Court of Alabama.

July 31, 1948.

Rehearing Denied Oct. 14, 1948.

Ben F. Ray, of Birmingham, for appellant.

300

H. M. Abercrombie and Neal C. Newell, both of Birmingham, for appellee.

STAKELY, Justice.

On June 7, 1945, W. T. Edwards (appellant) brought an action in the nature of ejectment in the Circuit Court of Jefferson County against H. G. Hosey (appellee) to recover possession of a certain lot of land situated in the City of Birmingham, Jefferson County, Alabama, briefly described as Lot 2310 West of 24th Street, as shown on map of M. A. May's survey. On trial of the cause the court gave the affirmative charge for the plaintiff with the result that the jury on May 22, 1946, returned a verdict for the plaintiff for the property sued for as described in the complaint.

On the same day, May 22, 1946, the defendant moved the court to ascertain the amount of taxes paid by the defendant on the property involved in the suit with interest and penalties and further moved the court to render judgment in favor of the defendant against the plaintiff for the amount so ascertained. The motion was made pursuant to § 290, Title 51, Code of 1940. On May 26, 1947, the court rendered judgment on the verdict for the land sued for. On July 19, 1947, upon a hearing on the motion the court rendered judgment for the defendant against the plaintiff for $292.37, to cover taxes, interest and penalties. This appeal is from the last mentioned judgment.

Before discussing the questions raised by appellant on his assignments of error, we think it well to consider the cross-assignments of error of the appellee. § 746, Title 7, Code of 1940; Supreme Court Rule No. 3, Appendix Title 7, Code of 1940. If, as insisted by the appellee, judgment was improperly rendered against the appellee in the ejectment suit, then there would be no basis for the judgment for taxes, etc., against the appellant.

Rosa Locascio claimed to own lots 2310, 2312 and 2314 in the M. A. May survey in the City of Birmingham. She assessed this property as owner on January 20, 1930. On March 29, 1937, she executed a quit-claim deed to the foregoing and other property to Minnie C. Ashcraft. On April 24, 1937, Minnie C. Ashcraft executed a deed to W. T. Edwards (appellant) to lots 2310, 2312 and 2314 referred to above. According to tendencies of the evidence W. T. Edwards thereupon went upon the lands and took possession thereof.

On November 13, 1931, the foregoing lots were sold to the State of Alabama for default in payment of taxes by Rosa Locascio. On June 24, 1944, H. G. Hosey purchased from the State of Alabama lot 2310, which is the property involved in the present litigation, paying therefor the sum of $250.00 as recited in the deed which he received from the State of Alabama.

 Upon a consideration of the matter we conclude that the court was correct in giving the affirmative charge for W. T. Edwards. No presumption can be raised to supply defects in the proceedings for the sale of property for taxes. Greil Bros. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann.Cas.1915D, 738. The sale by the State of Alabama to H. G. Hosey was not valid since no notice was given to the former owner of such proposed sale. § 3121 and § 3139, Code of Alabama of 1923, §§ 316-327, Title 51, Code of 1940; Harton v. Enslen, 182 Ala. 408, 62 So. 696; Grayson v. Schwab, 235 Ala. 398, 179 So. 377; Crebs

v. Fowler, 148 Ala. 366, 42 So. 553. The sale under decree of the probate court does not appear to be valid since there is nothing to show that prior to such decree there was a report to the probate court by the tax collector that he was unable to collect the taxes assessed against the lots or from the owner without a sale thereof. Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760; Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994; Anderson v. Doe, 246 Ala. 398, 20 So.2d 777. This brings us to a consideration of the motion made by H. G. Hosey for judgment against W. T. Edwards for taxes, interest and penalties.

 Section 290, Title 51, Code of 1940, provides in substance where suit for possession of land is brought against a defendant who claims and defends under a tax title and his defense fails on the ground that the sale for taxes was invalid for any other reason than that the taxes were not due and the plaintiff recovers, "the court shall forthwith, on the motion of the defendant", ascertain the amount of taxes etc. and render judgment for the defendant against the plaintiff therefor. In the case at bar the motion was made on May 22, 1946, but the hearing and judgment on the motion was not had and rendered until July 19, 1947. It is accordingly argued that the court by lapse of time lost all power to act on the motion and render the judgment because the motion was not kept alive by proper orders of continuance. As pointed out the judgment of the court in the ejectment suit was not rendered until May 26, 1947, but apart from this, we find no error in the action of the court. The motion here involved is not a motion which must be kept alive as provided in § 119, Title 13, Code of 1940. Here the motion is a statutory method of instituting a supplementary proceeding. The issues in the ejectment suit became resolved when the judgment in the ejectment suit was rendered. Sheffield City Co. et al. v. Trademan's National Bank, 131 Ala. 185, 32 So. 598. Being a supplementary action, no action by the court is necessary to keep it alive. True the court should act "forthwith" but such action is not required in a mandatory or jurisdictional sense. The word forthwith is directory only. Board of Education of Jefferson County, etc., v. State ex rel. Kuchins, 222 Ala. 70, 131 So. 239. Besides the motion was tried on the merits without objection on the part of the appellant and on the principle referred to in Rudolph v. Rudolph, 36 So.2d 902,[1] the appellant is not now in a position to raise a question of jurisdiction even if it be conceded for the sake of argument that the motion should have been kept alive by orders of continuance. There was no error in this regard.

Finally it is insisted that the amount of the judgment rendered on the motion was erroneously computed. The deed from the state to H. G. Hosey, hereinabove referred to, contains the following recital:

"And whereas, said lands having been entered upon the books of the State Land Commissioner, and the State Land Commissioner of the State of Alabama, with the approval of the Governor, has fixed the price of said land, and ascertained that the sum of Two Hundred Fifty & No/100 ($250.00) Dollars is sufficient to cover and satisfy all claims of the State and County against said lands for or on account of taxes, interest, fees, and costs, and officers' fees which were due upon or have accrued against said lands, as provided by law."

The judgment of the court from which the present appeal was taken shows that the amount of taxes etc., due by the plaintiff to the defendant was computed by taking the $250.00 paid to the state by H. G. Hosey and adding thereto the sum of $5.40 the amount of taxes paid by H. G. Hosey in 1945 and a like amount for taxes paid by him in 1946. The aggregate of these amounts with interest respectively thereon at 6% to date totalled the amount of the judgment, viz. $292.37.

 Under § 290, Title 51, Code of 1940, the amount to be ascertained by the court is "the amount of taxes for which the lands were liable at the time of the sale and for the payment of which they

---

1 Post, p. 317.

were sold, * * *." The sale referred to in the statute is the original tax sale by the probate court and not the sale by the state after the property was acquired by the state at the original tax sale. Street v. Doyle, 187 Ala. 332, 65 So. 775. Under § 315, Title 51, Code of 1940, it is the duty of the land commissioner to keep a description of all lands bid in by the state with the amount of state and county taxes due thereon on the date when the lands were bid in. It is further provided that the land commissioner, with the approval of the governor, may sell at private sale to any purchaser who may pay therefor in cash "such sum of money as the land commissioner may ascertain, to be sufficient to cover and satisfy all claims of the state and county, which sum shall not be less than the amount of money for which the lands were bid in by the state, with interest thereon at the rate of six percent per annum from the date of sale, together with the amount of all taxes due on said lands since date of sale, with interest thereon at the rate of six percent per annum from the maturity of such taxes."

Appellant complains that the amount of $250.00 should not be taken as an amount on which the present judgment can be based because such amount for aught that appears is an arbitrary figure and the recital in the deed from the land commissioner is not evidence here. It does not seem to us that this is a correct position. There is a presumption that public officials have discharged their duty, nothing to the contrary appearing. Gamble v. Andrews, 187 Ala. 302, 65 So. 525. The recital is in the deed executed by the officer required by law to keep the figures and authorized by law, with the approval of the governor, to convey the property for an amount sufficient to cover the items set forth in the statute. For this reason, it seems to us that the recital in the deed as to the amount of taxes etc. should be accepted as prima facie correct. Gamble v. Andrews, supra. Since there was no evidence introduced in the case to contradict the recital contained in the deed from the land commissioner, we think that the court acted correctly in computing the judgment.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.

Rehearing overruled.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.