[Harton v. Enslen, et al.]

# Harton *v.* Enslen, *et al.*

*Bill to Vacate and Annul an Execution Sale of Land,
to Vacate and Annual a Judgment in Ejectment,
and to Remove Deeds as Cloud on Title.*

(Decided January 18, 1912.   Rehearing denied February 15, 1912.
57 South. 723.)

1. *Execution; Sale; Inadequacy of Title.*—Where the bill shows that complainant's claim to the title was without merit in that he had no title, the fact that the lands were worth $10,000.00, and that the sale was for $50.00, did not show any inadequacy of price at all so far as complainant was concerned, even if it be conceded that inadequacy of price is grounds for relief in equity against an execution sale.

2. *Same; Sale; Suit to Set Aside; Bill.*—The allegations of the bill considered in the light of the rule that the allegations thereof must be construed most strongly against the pleader, and it is held that they show no acquisition of title by complainant of the lands from M. before she deeded the same to S.

3. *Same.*—The allegations considered and held not to show that complainant acquired any title under his alleged quit claim deed.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by H. M. Harton against E. F. Enslen and others, to vacate and set aside an execution sale of land, to vacate and annul a judgment in ejectment, and to cancel certain deeds as a cloud upon complainant's title.   From a deed for respondents complainant appeals.   Affirmed.

S. C. M. AMASON, for appellant.   Under the facts in this case appellant is not guilty of laches in filing this suit.—*Simmons v. Sharp,* 138 Ala. 451; *First Nat. Bank v. Nelson,* 106 Ala. 535; *Sayre v. Elyton L. Co.,* 73 Ala. 85; *Ray v. Womble,* 56 Ala. 32; *Henderson v. Sublet,* 21 Ala. 626; Sec. 4134, Code 1907.   Where equity acquires jurisdiction for any purpose it extends at once

to the entire subject matter in controversy.—1 Pom. 168; *Coldale Co. v. Southern Const. Co.,* 110 Ala. 605, and authorities cited. Complainant has no adequate remedy at law until equity has established, confirmed and re-executed the lost deed, and has set aside and vacated the execution sale and cancelled and annulled the execution deed.—*Torrent v. Mobile,* 101 Ala. 559; 19 A. &. E. E. Enc. of Law, 555, note 7. The tax title was vested in complainant by and through the state's deed to Martin and Martin's deed to complainant.— *Robinson v. Cahalan,* 91 Ala. 479; 9 A. & E. Enc. of Law, 105. The bill shows such gross inadequacy of price as to entitle appellant to relief.—*Balkum v. Breare,* 48 Ala. 75; *McBroom v. Rives,* 1 Stew. 72. Respondent is not precluded from collaterially attacking the judgment nil dicit for the recovery of the land as it constituted a fraud on him.—*Borst v. Simpson,* 90 Ala. 373; *Kilgore v. Kilgore,* 103 Ala. 614.

HARSH, BEDDOW & FITTS, and CAMPBELL & JOHNSON, for appellant. No brief reached the Reporter.

SOMERVILLE, J.—The bill of complainant was filed by appellant for the purpose of vacating and setting aside an execution sale of certain lands which he claims to own; to cancel certain deeds made to or by certain of the respondents as clouds on his title; to vacate and set aside a certain judgment in ejectment recovered by one of the respondents against complainant's wife; and to have issued a writ of possession to put complainant in possession of the land.

1. The only reason assigned for invoking the juris-diction of equity for the vacation of the sheriff's sale is that the land, which was worth $10,000, was sold at this sale for only $50, an inadequacy of price so gross

as to amount per se to a fraud on complainant. If this were all that the bill showed with respect to the subject-matter of the sale in question, and it were conceded that such a presumption of fraud would arise as to justify a resort to equity for relief, which, however, is not the case, nevertheless, in our opinion, the bill so distinctly shows that complainant's claim to the land is without any merit, that it cannot be said to show any inadequacy of price at all, if, indeed, the $50 paid was not a serious overvaluation. And on the showing made by the bill in this regard it is without equity, and the demurrer on that ground was properly sustained.

2. Complainant's connection with the title is shown by the bill as follows: He "purchased" from one Mrs. Mills (who is now Mrs. M. E. Finegan, and one of these respondents) "during the year 1887," and paid her $1,200 in cash, but no deed is exhibited. On November 29, 1887, said Mrs. Finegan executed a warranty deed to one Smithson, who afterwards conveyed to Lula B. Harton (who is complainant's wife and also one of these respondents). Construing the allegations as to these two transactions most strongly against complainant, as we are bound to do, the bill does not show that he acquired any title from his alleged grantor before she had deeded the land to Smithson.

3. But, waiving this defect, whatever his interest may have been, the bill shows that he joined with said Lula B. Harton in a deed to one C. H. Baker, through whom, by foreclosure of Baker's mortgage to Lula B. Harton, the title regularly passed to R. D. Johnson, one of these respondents.

4. It is claimed, however, that complainant subsequently acquired the title to this land by a deed from one W. E. Martin, "on or about, to wit, the 20th day of

March, 1903"; Martin's title having been acquired through a valid tax sale against said C. H. Baker.

But the bill of complaint shows "that on the 17th day of March, 1903, said W. T. Martin and his wife, Annie M. Martin, executed a quitclaim deed to E. F. Enslen (one of these respondents) to all of said land." A copy of this deed is made an exhibit, and the certificate of the notary public shows that the grantors acknowledged the deed before him on March 17, 1903.

On the face of the bill, therefore, it appears that complainant's quitclaim deed from Martin was wholly worthless as a muniment of title, and that the title is actually in Enslen, or his assigns.

Numerous grounds of demurrer attack the bill for this patent defect, and were, of course, properly sustained.

Some other grounds of demurrer were also well taken, but it is useless to discuss them.

For the reasons above stated, the decree of the chancery court must be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.