# LOVE & WILLIAMS v. POWELL.

1. A sheriff's deed is conclusive, and cannot be impeached on a collateral issue, except for fraud in *its* execution, whenever the process under which the land is sold, is supported by an existing operative and unsatisfied judgment.

2. The damages in an action of trespass to try title, cannot be lessened or mitigated by evidence that the plaintiff paid an inadequate price for the land sought to be recovered.

WRIT of Error to the Circuit Court of Lowndes county.

Action of trespass to try title. On the general issue a verdict was rendered for the plaintiff, on which he had judgment.

The defendants proved that the sheriff omitted to give notice to the defendant in execution, or to his tenant, of the levy; and also omitted to advertise the land, except on the court house door. Several parcels of land were levied on, but all were sold together, and some of the evidence tended to show that more might have been made from the sale, if the different parcels had been separately sold.

The defendants also gave evidence, tending to show that the plaintiff in execution, who became the purchaser, and is also the plaintiff in this suit, procured the sheriff to sell the lands altogether, and prevented a bystander from bidding at the sale, by inducing him to expect a part of the lands, at the price the plaintiff should bid. Evidence was also offered in mitigation of damages, and rejected, tending to show that the plaintiff had formerly sold the lands to one of the defendants for ten thousand dollars or more, and after having been paid seven thousand of the price, purchased them under the sale for three thousand dollars.

The Circuit Court left the case to the jury, upon the question whether the plaintiff had thus improperly interfered in the sale, to the defendants injury; charging, that if such was the case, it would avoid the sale. The Court refused to give several instructions, all involving the same principle, to wit : that the sheriff's deed might be collaterally impeached in this action in consequence of the plaintiff's action at the sale, or in consequence of the omission

by the sheriff to give notice of the levy as provided by the statute; and of his like omission to advertise the sale, except on the court house door.

The defendant excepted, and now opens by these assignments of error, the entire bill of exceptions.

ELMORE, for the plaintiffs in error cited, Meek's Sup. 93; Jackson v. Anderson, 4 Wend. 486; 2 Cain, 61; 1 Cowen, 623; Cock v. Sheppard, 7 Cowen, 88; 6 John. 194; 8 ib. 444; 3 Johns. Cases, 29; 1 Cowen, 611; 7 ib. 1; 16 Johns. 571; 13 ib. 97; 2 John. Cases, 438; 4 Cowen 168; 9 Porter, 679.

COOK, *contra*, relied on the cases of Mobile Cotton Press v. Moore, [9 Porter, 679;] Ware v. Bradford, [2 Ala. Rep. N. S. 676.]

GOLDTHWAITE, J.—1. All the matters contained in the bill of exceptions, present but three questions; and these are,

1st. Whether the omission by the sheriff to give the defendant in execution, the notice required by law to be given of the levy; or the like omission to advertise the lands, or to sell them in separate parcels has the effect to render the sale void.

2. Whether knowledge of these irregularities by the plaintiff in execution, connected with an attempt to deter others from bidding at the sale, will avoid the deed from the sheriff to him, as the purchaser.

3. And if not, whether the damages to be recovered by the plaintiff, ought to be mitigated or lessened, by showing that he obtained the lands at an inadequate price.

The first of these questions, in our opinion, is very fully covered by our decision in the case of Ware v. Bradford, [2 Ala. Rep. 676,] and its influence extends so far as to determine the second also.   The reason that a sheriff may be made responsible in damages, if injury has resulted to the defendant in execution from any irregularity in conducting the sale, does not, it is true, apply to a case where the irregularity is caused by the plaintiff in execution; but there is one of equal, if not of greater force, that does; it is, that if the deed is pronounced void on a collateral issue, or when suit is brought for the land, the parties cannot be placed in the condition they were when the sale was made.   By the sale,

the defendant in execution has paid the whole or a portion of the debt, and the plaintiff has no means to vacate the satisfaction, which must be entered on the execution after the sale has been consummated. When a convenient mode of relief is afforded by the law to one who is injured by an irregularity, whether chargeable to the sheriff or to the plaintiff, no peculiar hardship can result from it; but the evils of permitting a defendant to question the cunclusiveness of a sheriff's deed, even when the plaintiff has acted oppressively or irregularly, and when he is also the purchaser, are many and great. If the deed can be thus questioned, it is difficult to say that any lapse of time, short of that by which the right of entry is barred, will close the door upon this investigation. Can it be permitted, that for twenty years, either party, as he happens to be in or out of possession, may revive this question? Or, is the deed void in the hands of the purchaser, and good to his grantee? What is the effect of acquiescence or subsequent confirmation or ratification upon the said deed? In our opinion, none of these questions can be satisfactorily answered, and we feel strengthened in the conclusion to which we came in the case of the Mobile Cotton Press v. Moore [9 Porter, 679,] that in all cases, the deed may be set aside by courts of law, in the exercise of their inherent power to prevent their process from being used for the purpose of oppression or injustice.

We are not unaware that there are many decisions in the courts of New York, which seem to sustain the position that a sheriff's deed may be impeached, when the purchaser is guilty of fraud, or is chargeable with notice of irregularity; but we cannot yield our assent to the reasons which have led these judges to such conclusions. Our conviction is, that the deed is conclusive, and cannot be impeached on a collateral issue, except for fraud in the execution of the deed, whenever the process under which the land is sold, is supported by an existing operative and unsatisfied judgment.

2. The other question relates to the supposed error of the Court, in refusing to permit the value of the land and the payments made upon its purchase, to be given in evidence in mitigation of damages. On this it is said there is a peculiar hardship in permitting a recovery in damages, when the sum paid for the land, is grossly inadequate.

It seems to us that the inadequacy of price has no connexion with the issue before the jury, in such a case as this.

The matter to be ascertained is the yearly value of the lands, and any amelioration or improvement upon them is a fair subject of set-off; but it is no answer to a claim of right that the land cost the owner little or nothing.

It will be perceived that the instructions upon which this case was submitted to the jury were much more favorable for the defendants than they should have been, under our opinion of the law governing this case; there is therefore no error, and the judgment is affirmed.