## COLLINS, Adm'r, v. BOYD.

1. The statute authorizing a party who had sued out execution within a year and a day, which had been returned not satisfied, to sue out an alias at any time within ten years from the return of the original *fi. fa*, does not create a presumption of payment, and cast the burthen of proving it had not been paid on the plaintiff, in a proceeding to revive the judgment by *sci. fa.*, or in an action of debt.

2  When a surety proves that he has paid money for his principal, he is entitled to recover without proving a demand; and in the absence of proof to the contrary, the presumption will arise, that the payment so made, is all for which the surety is responsible for the principal.

Error to the Circuit Court of St. Clair.   Before the Hon. G. D. Shortridge.

Assumpsit for money paid, laid out and expended by the defendant in error.   On the trial, the plaintiff introduced evidence which shows, that in the year 1831, Benjamin Smith, who sued for the use of Gilbert Shearer, recovered a judgment at law against Joel Chandler, for $520 23; also, that in the same year, Gilbert Shearer recovered a judgment against Joel Chandler, for $248 56; to reverse which, Joel Chandler sued out writs of error to the supreme court, and entered into bond with the defendant, Samuel Boyd, as his surety.   These judgments were affirmed at the June term,

64

Collins, adm'r, v. Boyd.

1832, and judgments rendered against Chandler, and Boyd as his surety. After the judgments were affirmed in the supreme court, Chandler filed his bill, and obtained an injunction to restrain the collection of $180 of said judgments. This bill remained undisposed of until the year 1844, when it abated by the death of Chandler.

In 1844, executions at law were issued on said judgments, which were returned levied, but the property not sold for want of time. In 1845, Boyd filed his petition for a *supersedeas*, in which he alledged that Chandler, in his lifetime had paid all of said judgments except the amount enjoined, and that Chandler died in the winter of 1839, or 1840. A supersedeas was awarded, and at the September term, 1845, the plaintiff in the judgments appeared, and issue being joined on the facts, a jury were impaneled, who returned a verdict, that they found that the sum of $180, the amount that had been enjoined had not been paid, and that the interest thereon, added to the sum of $180, amounted to $364 80, and that the residue had been paid. It was thereupon ordered by the court, that the supersedeas that had been awarded be made perpetual, except as to the sum of $364 80, and it was considered by the court, that the plaintiff recover of Boyd and his security this amount. This judgment was carried to the supreme court, and was reversed and remanded, but the record does not disclose what disposition was made of this application for writs of supersedeas.

In 1847, application was again made for writs of supersedeas, upon the petition of Boyd, to supersede executions that had been issued on said judgments, and were then in the hands of the sheriff of Benton county, and in his petition, it is stated, that said executions had been entirely paid off, before they were issued, and that the judgments, with interest and cost, had been fully paid. These executions were superseded by the judgment of the circuit court of St. Clair, but it appears that this judgment was reversed by the supreme court.

It appeared that Boyd had paid on said judgments to the sheriff of Benton county $364, who had at the time executions in his hands, but the record does not disclose how the

residue of the executions have been settled, or whether they have been settled at all.

On this evidence, the court charged the jury, that if they believed the evidence, the plaintiff was entitled to recover, to which charge the defendant excepted, and which he now assigns as error.

Pope, for plaintiff in error, contended, that the debt which Boyd paid had been enjoined by Chandler. That the suit in chancery was depending eleven years, and then irregularly abated, without making Chandler's executors parties, which he insisted could not dissolve an injunction previously granted by the court, and that as Boyd was not bound to pay the debt, he could not recover.

He further insisted, that Boyd could not recover, as he had personal knowledge that the debt had been paid, the injunction having been granted on his affidavit. The bill was never answered, thus raising a strong presumption that the fact of payment, as stated in the bill was true.

A. J. Walker, contra.

The proof was clear and uncontroverted, that the money paid by defendant to the sheriff of Benton county, was paid by him as the security of plaintiff's intestate. Therefore the charge of the court, that if the jury believe the evidence, they must find for the plaintiff, was proper.

The chancery court record was important to rebut the presumption that Chandler in his lifetime had paid off the judgment, and was cumulative proof that Boyd was his security, and explanatory of the case and papers in evidence. Besides, the only objection that could be urged to that testimony was, that it was unnecessary. It could not possibly prejudice the plaintiff in error, or mislead the jury, and therefore furnishes no cause for reversing the judgment. Strawbridge v. Spann, 8 Ala. 820.

One execution having issued within a year and a day, another might issue at any time afterwards. From this it follows, that the judgment could have been enforced against Boyd. This being the case, he has a right of action for the

amount paid by him.   Clay's Dig. 206, § 28 ;  3 N. H. 270 ;
3 Ran. 490.

DARGAN, J.—It is contended, that under the evidence
introduced by the defendant in error, the question, whether
Chandler, in his lifetime, had  paid off and  settled the judg-
ments in full, should have been left to the jury to determine;
because the lapse of time between the issuance of the first
execution in 1832, and the second execution in 1844, being
more than ten years, and Chandler having lived until 1839,
the presumption of law is, that he had paid the judgments ;
and whether the evidence was sufficient to repel this pre-
sumption, was a question to be determined by the jury.

The act which is relied on as raising this presumption of
payment, was passed in 1834, and is in the following lan-
guage :  " When any execution shall have been issued on
any judgment or decree of the supreme court, or any circuit
or county court of this State, on any judgment of a justice of
the peace, within a year and a day after the rendition of
such judgment, or decree, which shall not have been return-
ed satisfied in full, it shall be lawful at any time thereafter,
to issue execution on such judgment, or decree, without suing
out any scire facias to revive the same, and when an execu-
tion has been sued out on any such judgment, or decree,
within a year and a day from the rendition thereof, which
shall not have been returned satisfied in full, such judgment,
or decree, shall not afterwards be presumed satisfied, or paid,
without payment be entered of record, in the court in which
the judgment or decree is rendered ; or in case of a judg-
ment rendered by a justice of the peace, on the docket on
which the judgment is rendered, or on the execution issued
on such judgment or decree, unless no execution shall have
been issued on such judgment, or decree, for the space of
ten years."

By the common law, if no execution had issued upon a
judgment in a year and a day, it must have been renewed
by scire facias, or by  action of debt, before execution could
be issued thereon.   The object of this statute was, to super-
sede the necessity of bringing a suit, either by scire facias
or action of debt, before an execution could issue, if an exe-

cution had been issued in a year and a day, and returned not satisfied, unless ten years had intervened between the return on said execution, issued within the year and the day, and the time of issuing the *alias*. But this statute was not intended to create a bar to a recovery on a judgment, although no execution had issued on the judgment within ten years, nor did it intend to create a presumption of payment, and to throw the burthen of proving it had not been paid on the plaintiff, in a proceeding to revive the judgment by *sci. fa.*, or in an action of debt. It merely intended to authorize the plaintiff in the judgment, if he had sued out an execution which had been returned not satisfied, to sue out an *alias fi. fa.* at any time within ten years from the return of the original *fi. fa.*

This being the just construction of the act, the lapse of ten years, would not have created the presumption of payment, if suits had been instituted on the judgments by the plaintiffs therein, against the representatives of Chandler, and contequently if paid by Boyd, after the lapse of ten years, the law would not raise the presumption of payment against him, in an action for money paid, but in either case, the burthen of proof would lie on Chandler's representative, to prove payment.

As the law does not raise the presumption of payment by Chandler, or his representative, the next question is, was there any proof introduced tending to prove payment, for the charge of the court being, that if the jury believed the evidence, the plaintiff was entitled to recover, can only be sustained upon the hypothesis that there was no conflict of proof, and none that tended to establish either payment by Chandler or any other defence relied on by the defendant. Such a charge is permissible where there is no conflict of proof, and taking every fact as established, that the testimony tends to prove, still the plaintiff is entitled to recover. Dunn v. Nelson & Hatch, 13 Ala. 259.

The evidence consisted of the transcripts of judgments at law against Chandler, the writ of error, and bonds on which Boyd was security; the certificate of affirmance in the supreme court; the bill in equity filed by Chandler, praying to enjoin the sum of $180; the petitions of Boyd for writs of

supersedeas, the first of which, filed in 1845, stated, that Chandler in his lifetime had paid all of said judgments, except the amount enjoined, to wit, $180. The proceedings had on the application for the writs of supersedeas; afterwards, the payment by Boyd of $364. After this payment, a second petition for writs of supersedeas by Boyd, stating that the entire judgments had been paid. This testimony establishes, that Boyd paid the sum of $364, as the security of Chandler, and there is not the slightest proof that this sum was paid by Chandler in his lifetime to the plaintiffs in the judgments at law, nor by his representatives after his death. Nor is there any proof in the record tending to contradict the fact, that Boyd, as the security of Chandler, paid this sum. This being the state of the proof, and the law raising no presumption that Chandler or his representatives ever paid this sum, there is no error in the charge of the court.

But it is contended, that a demand of Chandler's representatives, or notice to them of the payment made by Boyd, should have been shown; and in the absence of proof of either of those facts, the suit cannot be sustained, because it does not appear that Boyd had paid the whole amount for which he was bound as security, and it may be, that he will hereafter have to pay more, and upon such payment again sue, and that a security should not be permitted to pay up his liability in different sums, and at different times, and upon each payment entitle himself to a right of action, without notice, or demand made of the principal. And, if he would sue without demand, or notice, he must wait until he has extinguished all the liability outstanding against him. It is sufficient to say, that it does not appear that there is any thing now due to the plaintiffs in the judgments at law, and in order to render it necessary to decide the question raised in the argument, it was necessary for the defendant to show, that there was a balance still due on the judgments. In the absence of such proof, we would presume between these parties that the $364 paid by Boyd, extinguished his liability as the security of Chandler. Let the judgment be affirmed.

CHILTON, J., not sitting.