# Lodge *v.* Wilkerson, *et al.*

## *Ejectment.*

(Decided Dec. 21, 1911.   56 South. 994.)

1. *Deeds; Description; Tax Assessment.*—The requirements as to certainty in the description of land in a tax deed, as well as in the assessment on which it is founded, are somewhat stricter than in case of voluntary sales by the owner.

2. *Taxation; Sales; Collector's Report.*—The collector's report required by section 2268, Code 1907, is made jurisdictional, and where such facts are not affirmatively shown by either the decree of sale, or the deed of the judge of probate, the order of sale is invalid, and the tax deed void.

3. *Same; Tax Deeds; Statutory Provision.*—The change affected of section 566, Code 1886, by section 2268, Code 1907, so as not to

[Lodge v. Wilkerson, et al.]

require a tax collector to evidence his report of inability to col-
lect taxes without a sale of land by an affidavit of search and
inability to find other property out of which he could collect the
taxes, affects merely the mode of evidencing the fact, and does
not dispense with the fact itself.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by Thornton Lodge against R. B. Wilker-
son and others. Judgment for defendant and plaintiff
appeals. Affirmed.

O. S. LEWIS, for appellant. (For a former report
of this case see *Lodge v. Wilkerson*, 51 South. 69.) The
court erred in excluding the deed of the probate judge
to Lodge of the tax sale.—Section 2310, Code 1907;
Section 2297, Code 1907. The proof cleared any uncer-
tainty or ambiguity in the deed.—*Gaston v. McCord*,
130 Ala. 318; *Brannon v. Henry*, 142 Ala. 698; *Moody v.
A. G. S.* 124 Ala. 195; *Webb v. Elyton L. Co.* 105 Ala.
471; *DeJarnette v. McDaniel*, 93 Ala. 215; *Chambers
v. Ringstaff*, 69 Ala. 140. On these same authorities,
the court was in error in its other rulings in the ad-
mission of evidence and the charges given.

R. H. POWELL, and H. D. MERRITT, for appellee. The
description in the tax deed, and in the tax proceedings
leading up to the deed were insufficient to render the
deed operative.—*Smith v. Cox*, 115 Ala. 503; *Wilkerson
v. Roper*, 71 Ala. 140; *Foy v. Wellborn*, 112 Ala. 160;
*Gaston v. Wier*, 84 Ala. 193; *Greene v. Dickerson*, 119
Ala. 346; s. c. 115 Ala. 482; *Goodwin v. Forman*, 114
Ala. 389; *Brannon v. Henry*, 142 Ala. 698. The de-
scription in tax deeds must be drawn with greater
strictness than in ordinary voluntary conveyances.—
*Johnson v. Harper*, 107 Ala. 706; *Chambers v. Ring-
staff*, 69 Ala. 140; Blackwell on Tax Titles, 379, and au-

thorities supra. The description in the deed and the complaint were at variance.—*DeArman v. Whittaker,* 99 Ala. 252; *Morris v. Giddens,* 101 Ala. 571. The conveyance of a building does not necessarily convey the land upon which it is situated.—*Moody v. A. G. S.,* 124 Ala. 195; 1 Washburn Real Property, 4. Counsel discuss other assignments of error relative to evidence, but without further citation of authority. The tax deed was void and the defendant was entitled to the general charge.—*Carlisle v. Watts,* 78 Ala. 486; *Riddle v. Messer,* 84 Ala. 236. The report of the collector is jurisdictional, and cannot be dispensed with.—Authorities supra.

SOMERVILLE, J.—The plaintiff sues in ejectment for property described in the first count of his complaint as, "Hotel and lot at Notasulga, Alabama, now occupied by said R. B. Wilkerson"; and in the second count as, "One hotel and the grounds on which it rests in Notasulga, Alabama, now occupied by the said R. B. Wilkerson." In support of his claim he offered to introduce in evidence a tax deed showing a sale against the defendant for delinquent taxes, and conveying to plaintiff "One hotel at Notasulga, Alabama." The assessment, upon which the delinquency proceedings, sale, and deed were founded, described the property simply as "Hotel Notasulga." The plaintiff, recognizing the ambiguity and uncertainty of this description, sought to make it certain and sufficient by parol proof that the defendant Mrs. Shaw owned only one hotel and lot in the town of Notasulga, which was occupied, as alleged in the complaint, by one R. B. Wilkerson. The defendant objected to the admission of the deed, and her objection was sustained by the trial court.

It may be, as ably argued by counsel for appellee, that the deed, as well as the assessment upon which it is founded, are void for uncertainty in the description of the property in question, and that parol evidence cannot cure their insufficiency; the requirements in this regard being somewhat stricter in the case of tax sales than in the case of voluntary sales by the owner. —*Driggers v. Cassady,* 71 Ala. 529; *Dane v. Glennon,* 72 Ala. 160; *Jones v. Pelham,* 84 Ala. 208, 4 South. 22; *Buckner.v. Sugg,* 79 Ark. 442, 96 S. W. 184; *People v. Mahoney,* 55 Cay. 268; *Grand Forks County v. Frederick,* 16 N. D. 118, 112 N. W. 839, 125 Am. St. Rep. 621. This question, however, it is not necessary to determine.

The probate court is empowered by statute to order the sale of lands for the payment of delinquent taxes assessed thereon "when the tax collector shall report to the court that he was unable to collect the taxes assessed against such land or the owner thereof, without a sale of such land."—Code 1886, § 566; Code 1896, § 4046; Code 1907, § 2268.

Its authority is purely statutory, and cannot arise at all except upon the collector's report that a sale of the land is necessary for the collection of the taxes. By the plain language of the statute this report of the collector is made the essential prerequisite of jurisdiction, and an order of sale without it is merely a nullity. This, like all other jurisdictional facts in these proceedings, must be affirmatively shown by the record.— *Wartensleben v. Haithcock,* 80 Ala. 565, 1 South. 38; *Feagin v. Jones,* 94 Ala. 597, 10 South. 537; *Driggers v. Cassady,* 71 Ala. 529.

Neither the decree of sale, nor the deed of the probate judge, contains any recital of this jurisdictional fact; nor was any evidence of any sort offered in proof of its existence. It is therefore clear that the entire

proceeding was invalid, the sale void, and the deed inadmissible as a muniment of title.

We are not unmindful of the fact that since the Code of 1896 the tax collector has not been required, as formerly, to evidence his report by an affidavit appended to his delinquent docket, and forming a part of it, that he has made diligent search for personal property, and has been unable to find any out of which he could collect the taxes, or any part thereof. But the dropping of this latter requirement affects merely the mode of evidencing the fact, and does not dispense with the fact itself, however it may now be appropriately shown—a question not before us.

The action of the trial court in rejecting the deed as evidence was, in the state of the case shown by the record, free from error; and, the plaintiff offering no other evidence of right or title in himself, the general affirmative charge was properly given for the defendant.

In this view of the case, the other assignments of error are immaterial and need not be noticed. The judgment is affirmed.

Affirmed.

All the Justices concur, except DOWDELL, C. J., not sitting.