## Harton *v.* Enslen, *et al.*

*Bill to Enforce Trust in Land.*

(Decided May 15, 1913.   62 South. 696.)

1. *Execution; Enjoining Sale Under; Priorities; Pleading.*—Where the original bill alleged that M. had sold complainant the land involved, and had executed him a quit claim deed thereto on or about the 20th of March, 1903, and a deed from M. to the respondents to the same land, together with certificate of acknowledgment, bore date of March 17, 1903, an amendment to the original bill alleging that respondent had M. to date his deed prior to and before the date of the quit claim deed to complainant as alleged in the original bill, failed to allege that the deed to respondent was falsely antedated, and hence, was not sufficient to authorize the setting aside of an execution sale of said land against complainant.

2. *Taxation; Sale; Validity; Statutory Requirement.*—One who would trace his right to or interest in land through tax proceedings must show affirmatively that the requirements of the law with respect to such proceedings were observed in the processes essential to the transmission of title unless relieved by express statute.

[Harton v. Enslen, et al.]

3. *Same; Conveyance; Condition Precedent.*—Where land was sold by the State Auditor for taxes in February, 1899, it was a condition precedent to his right to make the sale and conveyance that the notice required by section 4101, Code 1896, should be given to the owner or other persons interested in the land.

4. *Same; Performance; Recitals.*—The execution of a tax deed and the recitals therein by the State Auditor conveying land sold for taxes executed in 1899, were not prima facie evidence of the observance by the State Auditor of the conditions requiring previous notice to the owner or persons interested in the land, as required by section 4101, Code 1896.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by H. M. Harton against E. F. Enslen and others, to enjoin an execution sale of land, and to declare a trust therein in favor of complainant. From a decree sustaining demurrers to the bill complainant appeals. Affirmed.

S. C. M. AMASON, for appellant. The court erred in sustaining demurrers to the bill, as the parties can be placed in statu quo and complete justice be administered by setting aside the execution sale. Hence, complainant is not guilty of laches in the filing of his bill.—*Henderson v. Sublett,* 21 Ala. 626; *Lankford v. Jackson,* 21 Ala. 650; *Ray v. Womble,* 56 Ala. 32; *Lockett v. Hurt,* 57 Ala. 198; *Clark v. Allen,* 87 Ala. 198; *Bolling v. Gantt,* 93 Ala. 89; *First Nat. Bank v. Nelson,* 106 Ala. 535; *Simmons v. Sharpe,* 138 Ala. 451; *Montgomery L. & P. Co. v. Lahey,* 121 Ala. 131; *Street v. Henry,* 124 Ala. 153. Equity abhors a multiplicity of suits, and will take cognizance of the entire controversy relative to the land, and will adjudicate and settle the rights and interests of all parties.—1 Pom. sec. 181; 110 Ala. 605; 103 Ala. 385; 93 Ala. 572; 73 Ala. 282; 31 Ala. 274; 29 Ala. 397; 40 South. 94; 103 Ala. 614. Equity will establish, affirm or have re-executed a deed that has been lost or destroyed where the remedy at law

is inadequate, and under the allegations of the bill in this case, it was necessary to invoke the jurisdiction of equity.—*Torrant v. Mobile,* 101 Ala. 559; *Echols v. Hubbard,* 90 Ala. 409; 19 A. & E. Enc. p. 555. A tax deed to land never conveys a less estate than a fee simple. —*Winter v. Montgomery,* 101 Ala. 469; *Jones v. Randle,* 68 Ala. 258. The quit claim executed by the state to Martin in 1899, and the quit claim from Martin to complainant conveyed a good title to complainant.—*Robinson v. Cahalan,* 91 Ala. 479; 9 A. & E. Enc. of Law, p. 105. The allegation of antedating showed a fraud practiced sufficient to entitle complainant to relief.—*McBroom v. Rives,* 1 Stew. 72; *Balkin v. Breare,* 48 Ala. 75; 27 A. & E, Enc. of Law, 983. Complainant is entitled to relief under the trust aspect of the bill as amended.—*Stein v. Robinson,* 30 Ala. 286; *Howison v. Baird,* 40 South. 94, and cases cited; 6 A. & E. Enc. of Law, 840; 89 Ala. 121; 80 Am. Dec. 172; 51 Am. Dec. 75 and note.

CAMPBELL & JOHNSON, and H. C. SELHEIMER, for appellee. Neither the original nor the amended bill shows any title, legal or equitable in complainant to the lands sold under execution sale, and the bid of $50 was not inadequate. The allegation as to redating the deeds charged no fraud or collusion.—*Harton v. Enslen,* 57 South. 723; *Ray v. Womble,* 56 Ala. 32. In arriving at whether or not the consideration was adequate, the court will not consider the value of the land, but the value of Harton's interest in the land at the time his interest was sold under execution. The auditor's deed was not prima facie evidence of the regularity of the sale, and nothing is presumed in favor thereof.—*Doe ex dem v. Moog,* 150 Ala. 460; *Vadeboncouer v. Hannon,* 159 Ala. 620. Under these authorities, the tax deed was

not muniment of title since it was not shown that notice was given as required by section 4101, Code 1896.— *Crebbs v. Fowler,* 148 Ala. 366.

McCLELLAN, J.—The general nature and purpose of this bill exhibited by H. M. Harton (appellant) against E. F. Enslen and others may be found stated in the report of the former appeal.—176 Ala. 77, 57 South. 723. After affirmance the bill was amended, and by decree of June 18, 1912, demurrers thereto were sustained. It is from this decree the present appeal is prosecuted.

The complainant appears on the face of the bill to be without interest in or right to the land in question, unless he obtained an interest or right thereto through the quitclaim deed from W. E. Martin, whose sole means for acquiring an interest or right to the land is to be found in the deed executed to Martin by the State Auditor on February 21, 1899.

In the effort to avoid the pronouncement, on the former appeal, that Martin's deed to Enslen was effective before that of Martin to complainant, thus rendering the latter "wholly worthless as a muniment of title," the bill was amended by the addition of these averments: "Your orator further avers that said E. F. Enslen had said W. E. Martin to date said deed prior to and before the date of the quitclaim to the land that said W. E. Martin executed to him, as averred and set out in paragraph 5 of this bill of complaint." In paragraph 5 of the bill, mentioned in the just quoted amendment, this is the presently pertinent allegation: "Your orator further avers that said W. E. Martin sold said land to him, and on or about, to wit, the 20th day of March, 1903, executed to him a quitclaim deed to same in consideration of the sum of $186.28." The deed

from Martin to E. F. Enslen, including the certificate of acknowledgment by the notary public, bears date of March 17, 1903. It is manifest, we think, that the amendment failed and fails to conclude to the effect that the Martin-Enslen deed was falsely antedated. Indeed, the averment consists with truth in respect of the date thereof. It imports in no degree the falsification of the true date of the Martin-Enslen deed. And the correctness of this view is emphasized when the quoted (ante) averment of paragraph 5, with respect to the date of the Martin-Harton deed, is considered. There the date of the Martin-Harton deed is described as being "on or about, to wit, the 20th day of March, 1903." Such uncertainty with respect to precedence in time, where the order in which acts are done must determine, as here, the rights of litigants, is far from the certainty required in pleadings of that nature.

A consideration of the whole amended bill and an interpretation of the effect of the amendment in the light of all other related portions of the amended pleading does not aid or supplement the effect of the amendment so as to avert the consequence of infirmity pointed out in this connection in the opinion on former appeal. Hence, the grounds of the demurrer taking this appropriate objection were properly sustained. While the amended bill has exhibited with it the deed of the State Auditor to W. E. Martin, dated February 21, 1899, it is not made to appear from the bill that the notice required by Code (1896) § 4101, was given to the owner or other person interested in the land, or to the judge of probate upon the condition presented therein, that a purchaser had applied and that reasonable time for redemption would be given one entitled to redeem.

[Williams v. Va.-Car. Chem. Co.]

Unless relieved thereof by express statute, as is instanced by Code (1896) § 4075, Code (1907) § 2297, the burden is on him who traces his right to or interest in lands through tax proceedings to show affirmatively that the requirements of law with respect thereto were observed in the processes essential for the transmission of title.—*McKinnon v. Mixon,* 128 Ala. 612, 29 South. 690.

A condition precedent to the right of the State Auditor to make the sale and conveyance to W. E. Martin (February 21, 1899) was the giving of the notice prescribed in Code (1896) § 4101 (*Crebs v. Fowler,* 148 Ala. 366, 42 South. 554) ; and we know of no statute that rendered the execution by the Auditor in 1899 of the deed of Martin or any recitals therein evidence prima facie in any degree of the observance by the State Auditor of the condition prescribed in section 4101. Accordingly, the third ground of the demurrer filed June 7, 1912, was well taken.

The decree of June 18, 1912, is hence affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.