# Pollak *v.* Milam.

## *Ejectment.*

(Decided December 17, 1914.  Rehearing denied January 14, 1915.
67 South. 381.)

1. *Taxation; Sales; Statutory Requirement.*—In a sale of land for taxes great strictness is required and every provision of the statute must be strictly pursued.

2. *Same; Title; Burden of Proof.*—One claiming under a tax sale has the burden to show that all the substantial requirements of the law have been complied with.

3. *Same; Statutory Provisions; Report by Collector.*—Under the provisions of section 2268, Code 1907, the collector's report is an essential prerequisite of jurisdiction in the probate court to order the sale of land for the payment of taxes, and where the tax collector merely reported that the taxes on land assessed to an unknown owner were delinquent, due and unpaid, without reporting that he was unable to collect them, the decree ordering the sale was void.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by Ignatius Pollak against W. K. Milam. Judgment for defendant, and plaintiff appeals. Affirmed.

Plaintiff claims under a deed received at a tax sale on May 30, 1906, deed of date June 16, 1908, and the suit begun on February 10, 1913.  Plaintiff offered the deed and proceedings of the probate court, evidence tending to show that the property was taxable, but offered no proof that he had ever been in the prior, actual possession of the land sued for.  This being all the

evidence for plaintiff, the court gave the affirmative charge for defendant.

BROWN & GRIFFITH, for appellant.

GEORGE H. PARKER, for appellee.

DE GRAFFENRIED, J.—The decision of this case can be rested upon certain well-defined principles which have already been declared, in many decisions, by this court.

(1) "In the sale of lands for taxes, great strictness is required, and every provision of the statute must be punctiliously pursued."—*Dane v. Glennon,* 72 Ala. 163.

(2) "The burden is on the party claiming under a tax sale to show that all the substantial requirements of the law have been complied with."—*Oliver v. Robinson,* 58 Ala. 46; *Smith v. Cox,* 115 Ala. 503, 22 South. 78; *Roman, Trustee, v. Lentz,* 177 Ala. 64, 58 South. 438.

(3) "The probate court is empowered by statute to order the sale of lands for the payment of delinquent taxes assessed thereon 'when the tax collector shall report to the court that he was unable to collect the taxes assessed against such land or the owner thereof, without a sale of such land."—Code 1886, § 566; Code 1896, § 4046; Code 1907, § 2268.

"Its authority is purely statutory, and cannot arise at all except upon the collector's report that a sale of the land is necessary for the collection of the taxes. By the plain language of the statute, this report of the collector is made the essential prerequisite of jurisdiction, and an order of sale without it is merely a nullity. This, like all other jurisdictional facts in these proceedings, must be affirmatively shown by the record."—*Lodge v. Wilkerson,* 174 Ala. 133, 56 South. 994.

In the instant case the tax collector reported that the taxes on the land "are delinquent, due, and unpaid," and not that " 'he was unable to collect the taxes assessed against such land or the owner thereof, without a sale of such land,' " as he as required, under section 4046 of the Code of 1896 (now section 2268 of the Code of 1907), to do; and, as this essential prerequisite of jurisdiction to an order of sale is lacking, the decree of the probate court ordering a sale of the lands for taxes was void.—*Lodge v. Wilkerson,* 174 Ala. 133, 56 South. 994.

2. The cases of *Cary v. Holmes,* 109 Ala. 218, 19 South. 723, and *Gamble v. Andrews,* 187 Ala. 302, 65 South. 526, simply declare that when lands are assessed to owner unknown a sale of such land will not be avoided because of the failure of the tax collector to make the affidavit required by section 567 of the Code of 1886. That section was materially changed when it was brought forward into our subsequent Codes. See Code of 1896, § 4047, and Code of 1907, § 2269. The reasoning of the court in said cases of *Cary v. Holmes, supra,* and *Gamble v. Andrews, supra,* has no applicability to the facts of this case. While the lands here were assessed to owner unknown, that fact does not affect the essential prerequisite to jurisdiction which section 4046 of the Code of 1896 (now section 2268 of the Code of 1907) requires as a foundation upon which all decrees of sale of lands for taxes shall rest.—*Lodge v. Wilkerson, supra.*

3. It may be that the sale of the land for taxes, which we now have before us, was void for reasons other than the reason shown above. The defect pointed out was fatal, however, and the trial court committed no error in giving the affirmative instructions which were given by the court to the jury at the written request of the appellee.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.