# Alabama White Marble Company *v.* Eureka White Marble Quarries.

## *Ejectment.*

(Decided December ·17, 1914. Rehearing denied January 21, 1915. 67 South. 505.)

*Ejectment; Title of Plaintiff; Grantee of Foreign Corporation.*— The evidence in this case examined and it is held that defendant was entitled to a verdict as having the better title to the land in question, whether the Delaware corporation had not complied with the laws of this state, and therefore, was not capable of conferring title upon plaintiff, and thus authorize it to maintain. ejectment, or not.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by the Alabama White Marble Company against the Eureka White Marble Quarries. Judgment for defendant, and plaintiff appeals. Affirmed.

H. H. McCLELLAND, for appellant.

FELIX L. SMITH, and THETFORD, BLAKEY & STRASS-BURGER, for appellee.

MAYFIELD, J.—Appellant sued appellee, in an action of statutory ejectment, to recover 98 acres of land situated in Coosa county. The lands were described as the Hastie place, and Lloyd H. Hastie was admitted to be the common source of title.

Appellant's chain of title was deed from Lloyd H. Hastie and wife to John A. Bishop, dated March 21, 1907; a deed of date December 26, 1908, from John A. Bishop and wife to the Bishop's Alabama Marble Company, a corporation organized under the laws of the state of Delaware; a deed from the Bishop corpora-

tion, of date February 12, 1914, to appellant corporation.

It was admitted that the Bishop Company was a foreign corporation and had not complied with the Constitution and statutes of Alabama, as for doing business in this state.

The appellee's chain of title was a mortgage from John A. Bishop and wife to Lloyd H. Hastie, the common source of title, of date March 21, 1907, duly executed and recorded May 6, 1907; proceedings in the chancery court of Coosa county, instituted October 19, 1909, by Lloyd H. Hastie, against John A. Bishop, et al., to foreclose the above-described mortgage; the deed from the register in chancery to A. F. Crider, Geo. A. Sorrell, G. J. Sorrell, of date August 22, 1910; next a quitclaim deed from George A. Sorrell and wife to E. G. Bond, as trustee, of date December 22, 1911; a quitclaim deed from G. J. Sorrell and wife to E. G. Bond, as trustee, of date December 18, 1911; a like deed from A. F. Crider and wife to the same trustee, of date November 29, 1911; a like quitclaim deed from John A. Bishop and wife to E. G. Bond, as trustee, of date November 20, 1911; a like deed from the Bishop's Alabama Marble Company, the Delaware corporation, to E. G. Bond, trustee, of date November 20, 1911; a deed from E. G. Bond, trustee, to the appellee corporation, of date May 12, 1912.

On this chain of title, and some other evidence as to the organization of the corporation and transfer of stock and bonds thereof from one to the other, unnecessary to be here mentioned, the case was tried by the circuit court without the intervention of a jury, and judgment was rendered for the defendant (appellee here), from which judgment plaintiff (appellant) prosecutes this appeal.

[Birmingham Fuel Co. v. Boshell.]

· We agree with the trial judge that defendant was entitled to recover under the undisputed evidence in this case, and we find no reversible error. The fact that the Delaware corporation had not complied with the laws of this state as to the right to do business in this state cannot, under the evidence as shown by this record, confer a legal title upon the plaintiff, nor authorize it to maintain ejectment for the lands in question. This record shows that the chain of title of both parties passed through the Delaware corporation; but, if this were not true, the defendant has shown the better title to the land in question, and was entitled to recover.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.