179 So. 377

**GRAYSON v. SCHWAB.**

**6 Div. 98.**

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Cabaniss & Johnston and Wm. H. Trueman, all of Birmingham, for appellant.

400

Edgar Allen, of Birmingham, for appellee.

James H. Willis, of Birmingham, amicus curiæ.

FOSTER, Justice.

This is an action in the nature of ejectment for the recovery of a certain lot in East Birmingham, described as the west 50 feet of lots 11 and 12 in block 47, according to the survey of East Birmingham, a map of which is recorded in map book 1, page 7, in the office of judge of probate of Jefferson county.

Appellee was plaintiff. His claim of title was under a deed from the city of Birmingham, and whose title was that obtained by a deed on sale of the property to satisfy street improvements, pursuant to three different assessments. At a sale of the property under the three proceedings, the city became the purchaser and its comptroller as such executed three deeds, all conveying to the city the lot as described in the complaint.

The questions presented on this appeal relate to the sufficiency of the evidence to show a compliance with the statutes in such manner as to create a lien and justify the sale so as to pass the title of the owner of the property against which the assessment was made. We will discuss these questions in the order in which counsel argue them in brief.

The first one is that the evidence does not show that the "property owner who has not elected to pay installments fails (failed) to pay his assessment within thirty

days, or having elected to pay in installments fails (failed) to pay his first installment in thirty days from the date of the assessment, or makes default in the payment of any annual installment or the interest thereon," so as to justify a sale of the property for such assessment under authority of section 2217, Code, or that the other requirements of that statute were observed. The deeds, each referring to their respectively numbered ordinances, contain a recital as a "whereas" that "the assessment aforesaid, upon said property, hereinafter described, remained due and unpaid and delinquent at the date of the sale thereof." There was no other evidence of such default. The deed also recites the giving of the notice once a week for three successive weeks in the Birmingham Age-Herald, as required by law. There was also other evidence of the giving of such notice. It is argued that the recital in the deed is not evidence of a default, and that, in the absence of other evidence, no default justifying the sale is shown.

■ There are certain well-established principles which have a bearing on that question. The rule is applicable here as in other tax sales that unless relieved by statute the burden is on one claiming title through a sale under an improvement assessment to show affirmatively that the requirements of the law with respect to such a proceeding were observed in the processes essential to the transmission of title, and that great strictness is required in such observance. Drennen v. White, 191 Ala. 274, 68 So. 41; Harton v. Enslen, 182 Ala. 408, 62 So. 696.

■ The recitals of the deed are not evidence of historical facts there stated unless made so by statute; and section 242, Act of July 10, 1935 (General Revenue Act), p. 360, has no application to such a deed, nor has any other statute so far as we know. Gunter v. Townsend, 202 Ala. 160 (10 and 11), 79 So. 644; Holloway v. Henderson Lumber Co., 194 Ala. 181, 69 So. 821; Vadeboncoeur v. Hannon, 159 Ala. 617, 49 So. 292; Doe v. Moog, 150 Ala. 460, 43 So. 710; Howard v. Tollett, 202 Ala. 11, 79 So. 309.

There is therefore no evidence of a default. Is such evidence essential to support a sale under section 2217, Code, to which we have referred? A default is essential, expressly made so by that statute.

■ When the condition precedent is a demand or notice to the property owner which was intended to afford him an opportunity to act so as to obviate the necessity of a sale, there must be evidence of such demand or notice other than a recital in the deed. Drennen v. White, supra; Crebs v. Fowler, 148 Ala. 366, 42 So. 553; Harton v. Enslen, supra. Likewise, when some other positive act is required as a condition precedent. Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994; Wartensleben v. Haithcock, 80 Ala. 565, 1 So. 38; Feagin v. Jones, 94 Ala. 597, 10 So. 537.

The feature of the requirement of section 2217, Code, calls for no active conduct as a condition to the right to sell. It is merely made to depend upon a status in which no such feature exists.

■ The general rule is that there is a presumption that an officer has performed a duty required by law, and which his records show was performed. Wiley v. Wilhite, 201 Ala. 638, 79 So. 110; Barry v. Stephens, 176 Ala. 93, 57 So. 467; Gamble v. Andrews, 187 Ala. 302, 65 So. 525.

We do not extend that doctrine to the requirements of a street improvement assessment so far as it commands some affirmative act to be done in the process. But an ordinance duly enacted making a final assessment has many properties of a judgment, and on it a sale is justified, if there is a default. Unaided by section 7706, Code, this court has held that a sheriff's deed must be supported by proof of a judgment, execution, and levy. Gordon v. Bell, 50 Ala. 213; Ayers v. Roper, 111 Ala. 651, 20 So. 460. But it is not necessary to prove that the judgment has not been paid. There is no presumption of the payment of a judgment until the expiration of ten years from its rendition. Section 7871, Code; Second National Bank v. Allgood, 234 Ala. 654, 176 So. 363.

■ The burden of proving payment of a judgment rests on him who is claiming that it is paid (when unaided by a presumption of law). Collins v. Boyd, 14 Ala. 505.

We know of no reason why this principle should not apply by analogy to an improvement assessment having the properties of a judgment. If the assessment has been paid, or if there is no default,

the property owner knows it and can easily make the proof. We cannot sustain appellant's contention in that respect.

▉ The next contention made is that there was no legal evidence that there was an assessment roll showing the names of the property owners, with a description of each lot and the amount to be assessed against each lot, as required by section 2190, Code, and that it was open to inspection, not less than twenty days before the council met, to hear objections. Section 2193, Code. Such requirements are jurisdictional, and to sustain a sale it must be shown at least prima facie that they occurred substantially as required. Jasper Land Co. v. Jasper, 220 Ala. 639, 127 So. 210; Walton v. Mobile, 232 Ala. 200, 167 So. 247; Streater v. Town of Town Creek, 234 Ala. 132, 173 So. 853.

The final assessment ordinances contained a recital which we copy from one as follows:

"Whereas, the commissioner of the Department of Public Improvements of the Commission of the city of Birmingham has caused to be prepared a roll or list showing the names of the property owners, and a description of each lot or parcel of land proposed to be assessed for such improvements and the amount proposed to be assessed against each of said lots or parcels of land, in accordance with the law and said ordinance, and the same has been properly entered in a well bound book, which has been delivered to the city clerk, and,

"Whereas, said city clerk has given the notice by publication in the Birmingham News, a newspaper of general circulation in said city, doing city printing, on the 2nd day of November, 1922, that said assessment roll or list had been delivered to him and was open for inspection in the office of the city comptroller, the person authorized to make collections of said assessments, and,

"Whereas, said notice stated the general character of the improvements, the terminal points thereof, and the streets, avenues, alleys or other highways or portions thereof, along which said improvements have been constructed, and,

"Whereas, the 28th day of November, 1922, at ten o'clock, a. m., in the council chamber of the city hall of Birmingham, was mentioned in said notice as the time and place at which the commission of the city of Birmingham would meet to hear and determine any objections or defenses that might be made to such improvements or the amount thereof, and,

"Whereas, this is the time and place of such meeting, and,

"Whereas, no objections or defenses to the proposed assessments against said property or the amount thereof, have been filed in writing with the city clerk, or in his office, or have been made at this meeting."

The contention is made that the recital in the ordinance does not prove anything, but that a copy of the roll should be certified by the clerk from the original record or the roll itself should be introduced.

It was declared in our case of Nashville C. & St. L. R. Co. v. Boaz, 226 Ala. 441, 147 So. 195, 197, and approved in First National Bank v. Fountain Motor Co., 227 Ala. 133, 148 So. 817, that: "The minutes of the board should evidence the fact of the preparation of a 'Roll or list of owners; lots or parcels of property assessed against' (the roll itself need not appear in the minutes), as required by sections 2190, 2191 of the Code (as amended by Gen.Acts 1927, p. 764), and the delivery thereof to the city clerk at least twenty days before the final meeting fixed by the board for hearing the objections."

This all appears in the minutes by recitals in the final assessment ordinance.

It is said in Pierce v. Huntsville, 185 Ala. 490, 64 So. 301, that when a city record shows a finding by the commission that those requirements have been carried out and observed, no other evidence of them was necessary, since the statute has not specified how such facts should be shown. And in Jasper Land Co. v. Jasper, supra, we held that such a recital in the assessment ordinance was presumed to be true, though not conclusive on direct attack.

▉ Those principles are in accord with the rules applicable generally to a collateral attack upon a judgment of courts of special jurisdiction. In them the record must show a finding of the jurisdictional facts, and a mere exercise of jurisdiction is not sufficient. But when such finding is expressed, it can be contradicted on a collateral attack only in respect to some of its features. Ex parte Griffith, 209 Ala. 158, 95 So. 551; Miller v.

Thompson, 209 Ala. 469, 96 So. 481; Gilliland v. Armstrong, 196 Ala. 513, 71 So. 700; Wyatt's Adm'r v. Rambo, 29 Ala. 510, 68 Am.Dec. 89; Pettus v. McClannahan, 52 Ala. 55; 34 Corpus Juris 553.

This rule has been specifically applied to a proceeding in the probate court leading to a tax sale. Driggers v. Cassady, 71 Ala. 529. And also in respect to administrative boards and officers performing judicial acts. 34 Corpus Juris 519; Gaines v. Harvin, 19 Ala. 491; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S.W. 778.

In the case of Town of Elba v. Cooper, 208 Ala. 149, 93 So. 853, a bill had been filed to quiet the title of a lot against an improvement assessment, alleging that jurisdictional requirements had not been observed, but that there was in existence a certified transcript of the proceedings which was prima facie evidence that those things had been done. But the record itself on its face showed that they had not been done. The court, overruling a former opinion, held that when the record on its face shows the invalidity of the proceeding there was no cloud removable in equity.

The certificate of the city clerk could not create a cloud when the record itself was no cloud, and could not validate a proceeding void on its face. It was the record and not the certificate which cast a cloud, if there was one. But ordinances duly certified are admissible in evidence in any proceeding in which they are relevant. Sections 1944 (1220), 7687 (3989) and 7719 (5), Code; Cooper v. Valley Head, 212 Ala. 125, 101 So. 874. Whether they are prima facie proof of what is recited in them depends upon different principles not affected by the Elba Case, supra.

The description of the lots sold, as set out in the assessment roll, as found and declared in the assessment ordinances, is "W 50' of lots 11 and 12, Block 47, E. B'ham." The deeds of plaintiff describe the property further as an "East Birmingham survey." Plaintiff introduced a map of an East Birmingham survey, as recorded in the probate office. Of course if this description is void, the sale cannot stand. Driggers v. Cassady, 71 Ala. 529.

But though it is said that in deeds in invitum more strictness of description is required than in voluntary conveyances, Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994, if the description is such as that it may be made certain by parol evidence, and not void on its face, such evidence is admissible in respect to a tax deed as others. Driggers v. Cassidy, 71 Ala. 529.

When measured by the standard set in that case, the description in the assessment here made was not void for uncertainty, and, if it is not certain on its face, was made so by the parol evidence.

The assessment likewise sufficiently described the owner of the property.

We do not think there is reversible error in the record to which our attention has been called.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

Complaint is made of the opinion that we did not treat the contention that the deed is not evidence that the sale occurred as it is not of anything else recited in it. We did refer to the fact that the deed is not evidence of the historical facts recited in it, but did not think it necessary to assume that this did not refer to the sale itself without which there could be no deed. Every deed must inherently be evidence of a sale or it is nothing. We are in this connection cited to a sheriff's deed as controlled by the law prior to the enactment of what is section 7706, Code, which makes a sheriff's deed prima facie evidence of a judgment, execution, levy, and sale.

In Carter v. Smith, 142 Ala. 414, 38 So. 184, 185, 110 Am.St.Rep. 36, the court quoted from Carrington v. Richardson, 79 Ala. 101, to the effect that, "To authorize a recovery on a sheriff's deed in an action of ejectment, there must be a valid judgment, execution, levy, sale, and the deed." And in that case it is further stated that: "The proof of these several facts may not rest on the plaintiff in the first instance. The recitals in the deed make a prima facie case of some of these essential facts." And we have a long line of cases holding that all that is necessary to sustain a sheriff's deed is proof of a judgment, execution, and levy, Ware v. Bradford, 2 Ala. 676, 36 Am.Dec. 427; Love v. Powell, 5 Ala. 58; Gordon v. Bell, 50 Ala. 213, 218; Ayers v. Roper, 111 Ala.

651, 20 So. 460; Warren v. Jones, 219 Ala. 213, 121 So. 519; the fact of a sale being presumed from the execution and existence of the deed.

In Reddick v. Long, 124 Ala. 260, 27 So. 402, relied on by appellant, there is a statement that there was no evidence of a tax sale, but there was no deed executed and no showing that the purchaser was entitled to a deed. There is some confusion in stating the facts, but notwithstanding the confusion there is a statement that no deed was made.

We are not persuaded that there must be independent proof that the sale was in fact made, when it is evidenced by the execution of a deed so reciting. Such proof may, in course of time, not be available; and it would be wholly unsatisfactory if there were parol evidence that it did not occur, when it is brought into collateral attack.

Complaint is also made of the opinion that it states that the final assessment ordinance contained a copy of the assessment roll, whereas such ordinance merely sets out the names of the property owners, a description of each lot, and the amount of each assessment, as finally made. The contention is that there might have been changes made from the original roll.

True, there might have been changes, but the final ordinance recites that no objections to the proposed assessment were made, and it then proceeded to fix the assessment as made in the roll, and then sets out the assessment roll as made final; so we are persuaded that they show that it is the same roll.

Moreover, the important feature as to its requirement prior to the final assessment as constituting a jurisdictional fact is its existence and accessibility when and after the notice was given, not so much its details at that time. The ordinance recited that the roll had been prepared and was accessible when the notice was given. That was the finding of the existence of a jurisdictional fact, conclusive on collateral attack. Driggers v. Cassidy, supra.

There is another matter urged, as before, which we did not discuss for obvious reasons. It is a claim that evidence of the publication of the notices was not sufficient, because the witness did not independently remember the name of the newspaper nor date of publication. He testified that he saw the notices in the paper, cut them out and pasted them in his book. There seems to have been memoranda on the notices, showing the name and date of the paper. This evidence is sufficient, though the witness does not remember the details, Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803 (7), assuming that it was necessary. We think it was not necessary to make such proof, as we have said, on account of the findings recited as to them in the final ordinance; but no harm was done by doing so.

In brief filed by the city attorney of Birmingham supporting the conclusion reached, it is urged that we recede from the ruling in Drennen v. White, supra, to the extent that it was held that sales to satisfy street improvement assessments should be governed by the rule applicable to ordinary tax sales, unaided by statutory presumptions, requiring the purchaser to show affirmatively that the requirements of law with respect to such assessments and proceedings were observed in their essential processes.

We have expressed our views as to the effect of recitals of certain facts contained in the ordinances, and the weight which should be accorded them. But that situation should not in the least, we think, reflect upon Drennen v. White, supra. Certainly, such proceedings should have no more standing than those of any other sort of tribunal with limited and special jurisdiction. In all such, it is necessary for the record to show a finding of the jurisdictional facts, and when this is done, as we said in the former opinion, they are at least prima facie true as thus recited to have occurred, and as to some of them conclusive on such attack. But that does not infringe upon the rule that those jurisdictional facts, as thus found, must have occurred strictly as required by law. Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994. The case of Drennen v. White, supra, applies it to proceedings such as we have here, for it is well settled as respects all tribunals with limited or special jurisdiction.

We have many cases which have pointed out the jurisdictional facts in such a proceeding as this. Jasper Land Co. v. Jasper, supra; Walton v. Mobile, supra; Streater v. Town of Town Creek, supra. Those cases also sustain our views relat-

ing to the evidential value on collateral attack of the finding as recited in the ordinances of certain jurisdictional facts.

We cannot see wherein Drennen v. White, supra, is not well founded, and we think its effect should not be limited, understanding it as we have explained.

We are impressed that there is nothing in our former opinion in this case which is erroneous or needs modification.

The application is accordingly overruled.

Application overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.